American Sand & Gravel Co. *et al. v.* Reeves.

(Division B.   Dec. 11, 1933.   Suggestion of Error Overruled Jan. 22, 1934.)

[151 So. 477.   No. 30895.]

T. J. Wills and T. C. Hannah, both of Hattiesburg, for appellants.

Lester Clark and **F. M. Morris**, both of Hattiesburg, for appellee.

Argued orally by **T. J. Wills**, for appellant, and by **F. M. Morris**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

All authorities agree that the master is charged with knowledge of the usual and ordinary dangers and hazards to which he is exposing his employee, and is bound to know the nature of the constituents and general characteristics of the substances used in and about his business or in that part thereof wherein an injury may occur or has occurred; and this rule is applied without serious question in cases of the use of dangerous chemicals. 39 C. J., pp. 491, 510; 18 R. C. L., p. 571; 1 Labatt, 298-301; Adams v. Grand Rapids Refrigerator Co., 160 Mich. 590, 125 N. W. 724, 27 L. R. A. (N. S.) 953, 136 Am. St. Rep. 454, 19 Ann. Cas. 1152. The testimony is undisputed in this case that the asphalt paint, which the servant was directed to heat by placing a fire under the open container which the servant was directed to use, was liable to explode if it came in actual contact with fire, and the likelihood that the asphalt paint would catch fire under the method of heating directed by the master was a fact which the master could easily have foreseen as a natural and probable consequence of that method.

That asphalt paint would explode when afire is not an obvious fact and is not one of common or general knowledge. The servant in this case did not know that fact, and for the reason stated it is not one which he could or should have been presumed to know. It was therefore the duty of the master to warn him of it, and this the master wholly failed to do. As a consequence, when the paint got on fire, the servant, not knowing that it would explode, attempted to remove the bucket containing the dangerous liquid, and while thus engaged within a yard of it the explosion occurred, and the servant was severely scalded. The case is simple both upon the law and the facts, and the judgment is correct.

Affirmed.