CROSBY LUMBER & MANUFACTURING Co. *et al. v.* DURHAM.

(Division A. Feb. 28, 1938.)

[179 So. 285. No. 33085.]

**Bramlette & Bramlette**, of Woodville, for appellant.

Clay B. Tucker, of Woodville, for appellee.

Argued orally by **D. C. Bramlette** and **Maxwell Bramlette** for appellant and by **Clay B. Tucker** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

Crosby Lumber & Manufacturing Company, appellant, is engaged in the manufacture of lumber, and entered into a contract with C. C. Stockstill reading as follows: "This contract made and entered into this 2 day of November, 1935, by and between Crosby Lumber & Manufacturing Company, a corporation, hereinafter referred

to as first party, and C. C. Stockstill, hereinafter referred to as second party, witnesseth; For and in consideration of one dollar ($1.00) paid each other, receipt of which is hereby acknowledged by both, and other considerations hereinafter set out, first party and second party hereby enter into this contract the terms of which are that second party agrees to haul logs of first party from such timber that first party causes to be cut and felled, within 6 months from date hereof, on Section 36, Township 4 North, Range 2 West, Wilkinson County, Mississippi, and the said logs from said section are to be loaded, hauled and placed in the mill pond of first party at first party's saw mill in Crosby, Mississippi, by second party, for which first party agrees to pay second party the sum of Eight Dollars per thousand feet. Said logs are to be hauled by second party as cut and payments therefor are to be made by first party twice each month thereafter. It is agreed and understood that first party is to have no control, whatever, over the manner, method or means of hauling the said logs by second party, it being further agreed and understood that second party is to load, haul and place in said mill pond the said logs from said section that first party causes to be cut and made ready for hauling; further, first party is to hold second party responsible only as to the result of his work, as agreed to herein, and not as to the means by which it is accomplished." (Signatures omitted.)

The evidence does not disclose that the Crosby Lumber & Manufacturing Company exercised any control over the physical conduct of Stockstill or his employees in carrying out the terms of this contract, or in the employment and discharge by Stockstill of his employees.

On the occasion in question, D. P. Durham, an employee of Stockstill, was driving a truck owned by Stockstill along a public road loaded with logs belonging to the Crosby Lumber & Manufacturing Company, for delivery to it in accordance with the contract. One of its

tires, because of a defect therein, became flat causing the truck to skid, turn over, and injure Durham so severely that he shortly thereafter died. Ashley was with Durham on the truck a short time before the wreck occurred, and stated that one of the tires blew out, whereupon he left and was not with Durham when the wreck occurred. Durham evidently repaired the tire, but how does not appear, for a short time thereafter he was again driving the truck resulting in the wreck as above stated. Durham's testimony was taken before his death, and it appears therefrom that before he started on the occasion in question, he became aware that one of the tires was weak, and called Stockstill's attention thereto, who told him to go ahead with it, and that "he would go to Natchez and get new set of tires." Durham said nothing, nor was he asked, about the blow-out testified to by Ashley.

The suit was brought by Durham's administratrix in the court below, and she recovered a judgment of $9,000 against both Crosby Lumber & Manufacturing Company and Stockstill. Requests for directed verdicts in their favor were separately made by the appellants and were refused. They will be considered separately.

As to Crosby Lumber & Manufacturing Company. Unless Stockstill and his employees were servants of Crosby Lumber & Manufacturing Company, it cannot be held liable for the death of Durham. "A servant is a person employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master. An independent contractor is a person who contracts with another to do something for him, but who is not controlled by the other, nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Restatement, Agency, sec. 2 pars. 2 and 3 p. 11; Texas Co. v. Mills, 171 Miss. 231, 156 So. 866, and numerous other decisions of this court.

As the evidence does not disclose the exercise of any control by the appellant over the physical conduct of Stockstill and his employees in the performance of the contract, or over the employment and discharge of his employees, the relation created by his contract with appellant must be determined by its provisions. It is manifest therefrom, that the contract was not intended to create the relation of master and servant, but to constitute Stockstill an independent contractor. But appellee says that the contract fails to carry out this intent because of its words, "that second party agrees to haul logs of first party from such timber that first party causes to be cut and felled within 6 months from date hereof." The argument, in substance, is that under this provision of the contract, the Crosby Lumber & Manufacturing Company was under no obligation to call on Stockstill for the hauling of any logs, which, but merely for the purpose of the argument, we will assume to be true, consequently, the contract is, in effect, one terminable at will by Crosby Lumber & Manufacturing Company. Because of this, appellee says that company had power to control Stockstill both as to his physical conduct in the performance of the contract, and in the employment and discharge of his employees, by declining to call on him for the hauling of logs unless he would so agree. Assuming this to be true, for the purpose of argument, it does not follow therefrom that the contract creates the relation of master and servant. The power given an employer under a contract for services to terminate it at will is a fact for consideration in determining whether the contract creates the relation of master and servant, but, of itself alone, is not determinative, and the mere fact that what logs Stockstill should haul were for the determination of Crosby Lumber & Manufacturing Company did not constitute such control over him as to make the relation between them that of master and servant. McDonald v. Hall-Neely Lumber Co., 165 Miss.

143, 152, 147 So. 315, 316. Cf. Gulf Refining Co. v. Nations, 167 Miss. 315, 145 So. 327. The request for a directed verdict by the Crosby Lumber & Manufacturing Company should have been granted.

As to Stockstill. We do not understand Stockstill to complain of the refusal to grant him a directed verdict, but, if mistaken in this, no error was committed in refusing so to do. Stockstill was refused the following instruction: "The court instructs the jury for the defendant, C. C. Stockstill, that although an employer has the duty to provide and maintain his employees with reasonably safe instrumentalities with which to work, and although you believe, from the evidence in this case, that the tire involved herein was so defective and unsafe as to be dangerous to the life of decedent, still if you believe from the evidence in this case that the defect in said tire was obvious and known to decedent, and decedent was fully aware of said defective tire and danger used said tire voluntarily or by orders of C. C. Stockstill, there is no liability on the part of C. C. Stockstill, if you further believe from the evidence in this case that the condition of said tire on the truck which decedent was driving constituted a danger so imminent that no person of ordinary prudence should encounter such danger, even under orders."

No error was committed in the refusal of this instruction, for the doctrine of assumption of risk by injured employees has been abolished by section 513, Code of 1930, "in any case where such injury or death results in whole or in part from the negligence of the master," with certain exceptions within which this case does not come. But it is said by counsel for the appellant that this doctrine still applies where the servant is aware of the danger incurred by him, and it is such that no person of ordinary prudence should encounter it, even under orders so to do; citing, in support thereof, Brown v. Coley, 168 Miss. 778, 152 So. 61. It is not necessary

for us to express an opinion on this, for the reason that the evidence here does not come within it.

The court below instructed the jury that although they might believe "from the evidence, that D. P. Durham was guilty of contributory negligence in driving the truck with the tires on the front wheels thereof in the condition they were, after having one of the tires on the front wheel repaired after a blowout," such contributory negligence would not bar a recovery.

The three objections to this instruction are: (1) It does not take into consideration any knowledge on the part of the appellant, Stockstill; (2) or a danger so imminent that no person of ordinary prudence should encounter, even under orders; and (3) it would warrant the jury in believing that contributory negligence would reduce the award.

1. The instruction does not deal with the negligence of Stockstill, but only with the effect of contributory negligence on the part of D. P. Durham.

2. Section 511, Code of 1930, prevents any contributory negligence from barring a recovery without reference to its degree.

3. That section also provides that the damages awarded may be diminished in proportion to the amount of negligence attributable to the person injured.

Complaint is made of a statement by the appellee's counsel to the jury when arguing the case before it. It appears from a special bill of exceptions that one Elwyn or Boo Carter, a cripple who walked with the aid of crutches, was in the courtroom in full view of the jury, and that counsel for the appellee, in the course of his argument, said: "As a result of this logging operation, Elwyn or Boo Carter is a cripple to-day." The court sustained an objection thereto, and directed the jury to disregard the statement. Appellant then moved that the case be withdrawn from the jury and a mistrial entered, which motion was overruled, and we are unable to see that any error was thereby committed.

The judgment of the court below will be reversed as to Crosby Lumber & Manufacturing Company, and the case dismissed as to it, but it will be affirmed as to Stockstill.

So ordered.

### ON SUGGESTION OF ERROR.

**McGowen, J.,** delivered the opinion of the court on suggestion of error.

We are firmly convinced that the opinion in this case correctly announces the principles of law applicable to its facts, and especially do we feel content that we did no violence to the case of Kisner v. Jackson, 159 Miss. 424, 132 So. 90.

In adhering to our decisions that Stockstill was an independent contractor and not a servant of Crosby Lumber & Manufacturing Company, we cite in further support thereof the case of Cook v. Wright, 177 Miss. 644, 171 So. 686, as clearly and unequivocally supporting the view of this court herein.

Suggestion of error overruled.