### HARRISON ENGINEERING & CONSTRUCTION CORPORATION v. ROLLISON.
#### No. 9264.

Circuit Court of Appeals, Fifth Circuit.
Jan. 30, 1940.

R. H. Robinson, of Vicksburg, Miss., and Marcellus Green, Garner W. Green, and Forrest B. Jackson, all of Jackson, Miss., for appellant.

A. A. Chaney and Wallace W. Ramsey, both of Vicksburg, Miss., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Willie Rollison brought suit for injuries alleged to have been sustained by him while working as a laborer for Harrison Engineering & Construction Corporation. In his declaration the plaintiff charged that the defendant had failed in its duty to provide him with a reasonably safe place in which to work and to furnish him with the necessary appliances and equipment "to enable him to perform his work with reasonable safety." The case was tried to a jury which found for the plaintiff and assessed damages of $1,000 for injuries to his eye and $6,000 for injuries to his lungs. The court overruled motions for a new trial and judgment notwithstanding the verdict, and Harrison Engineering & Construction Corporation has appealed.

At the time of the plaintiff's injuries the defendant was engaged in the construction of a concrete highway in Warren County, Mississippi. The duties of the plaintiff required him to sprinkle the ground just ahead of the concrete mixing machine. Materials for making concrete were hauled to the work site by automatic dump trucks. These trucks were loaded with sand and gravel with sacks of cement on top. The trucks stopped a short distance ahead of the mixer at a platform where workers slit the sacks and emptied the cement on top of the sand and gravel. The trucks then backed from the platform to the mixer and dumped their load. An employee working at the mixer pounded the bottom of the uplifted truck bottom with a hammer to remove all loose materials. A truck load of materials was dumped into the mixer about every seventy seconds, and from these operations a continuous cloud of dust enveloped the plaintiff's work area between the mixer and the loading platform. The testimony of the plaintiff as to the density of the dust was fully corroborated.

The employer did not furnish Rollison with goggles or respirators for the protection of his eyes and lungs. O. J. Ward, the defendant's superintendent in charge, testified that he had goggles and respirators at the mixer for the use of employees; that it would have been safer for Rollison to wear goggles and a respirator; and that he never offered the use of goggles and a respirator to the plaintiff. The concrete foreman testified that it was best for employees working in the dust to wear goggles and respirators. The timekeeper testified that these safety devices were kept at the office but that they were not offered to Rollison. There was further testimony that it was the general custom for contractors to furnish goggles and respirators to employees who worked constantly in clouds of cement dust. Rollison was a farm hand and had never worked around a cement mixer and did not know the dangers incident to such work.

Rollison worked for the defendant as sprinkler for about four and one-half months until June 13, 1938, when he was forced to quit work on account of injuries to his eye caused by the cement dust. He received treatment for his eyes, and shortly afterwards a pain developed in his chest and he began to cough and spit blood. On July 28, 1938, Rollison was examined by Dr. A. J. Podesta, an eminent practicing physician, who found him to be suffering with "chronic conjunctiva of the eye" and a chronic lung irritation which he diagnosed as "pneumococcus due to the inhalation of dust into the lungs". Dr. Podesta testified that the defendant had lost weight steadily; that on the day of the trial he weighed 118½ pounds as compared with 140 pounds when he first examined him on July 28th; that he would not be able to perform manual labor again; and that there was no known cure for his ailment.

The appellant contends that the plaintiff failed to prove that he was suffering from silicosis, the classification given to his lung injury by Dr. Podesta. The doctors produced by the defendant testified that the plaintiff could not have contracted silicosis under the conditions shown. It was Dr. Podesta's opinion that Rollison was suffering from pneumococcus caused by the inhaling of dust. The fact remains that the plaintiff suffered permanent injury to his lungs and eye by working in the dust, and the failure of the doctors to agree on the specific classifica-

tion of his injury cannot defeat his right of recovery.

The master must exercise reasonable care to furnish the servant with a reasonably safe place in which to work and with reasonably safe devices and appliances with which to work. Adams v. Hicks, 181 Miss. 165, 178 So. 484. The appellant knew or should have known that there was danger incident to constant exposure to cement dust. The record informs that it did know this since it had goggles and respirators on hand for the use of cement workers. It did not supply plaintiff with this safety equipment or warn him of the dangers incident to his work, and it was clearly a question for the jury as to whether the defendant failed in its duty to provide Rollison with a reasonably safe place in which to work and equipment to enable him to perform his work with reasonable safety. The defendant's request for a peremptory instruction was, therefore, properly refused. Allen Gravel Co. v. Curtis, 173 Miss. 416, 161 So. 670; American Sand & Gravel Co. v. Reeves, 168 Miss. 608, 151 So. 477; Benjamin v. Davidson-Gulfport Fertilizer Co., 169 Miss. 162, 152 So. 839.

We find no reversible error in the record and the judgment is affirmed.