MASONITE CORPORATION *et al. v.* STEVENS.

(Division A.   April 28, 1947.)

[30 So. (2d) 77.   No. 36446.]

W. S. Welch and Ellis B. Cooper, both of Laurel, for appellant, Masonite Corporation.

**Paul G. Swartzfager**, of Laurel, for appellant, Will Ponder.

880

Quitman Ross and **E. K. Collins**, both of Laurel, for appellee.

Argued orally by **Ellis B. Cooper**, for appellants, and by **Quitman Ross**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

On April 3, 1946, the appellee, Luther Stevens, sustained a severe personal injury when a small steel rim was being removed by him from the inner circle of a truck tire which he was attempting to change. He was engaged in prizing this steel rim out of its place in the wheel when it sprung out, struck him in the face, fractured some bones, and impaired his vision in one eye. Both the Masonite Corporation and one Will Ponder, a wood hauler by whom the plaintiff was employed, were sued upon the theory that plaintiff was an employee of the Masonite Corporation and that the said defendant, as well as its alleged agent and co-defendant, Will Ponder, had failed "to make a reasonable effort to furnish plaintiff with a reasonably safe place in which to work and with reasonably safe tools, appliances and machines with which to work, as well as to promulgate and establish such reasonable rules as to render the manner of the performance of his work reasonably safe." The declaration further charges that the defendants failed in their duty to warn the plaintiff of the inherent and latent danger incident to the removal of the steel rim in the process of changing such a tire, although they are alleged to have known that he was inexperienced in such an undertaking, and was without knowledge of the danger incident thereto. It was further alleged that because of the warped and defective condition of the said steel rim, which was not known to the plaintiff, "as well as the plaintiff's total lack of experience or knowledge as to the proper method to go about its removal, the said rim came

out of the said tire with great force and violence,"
causing the injuries aforesaid. From a judgment against
both of the defendants, they have prosecuted this appeal.

No proof was offered to show that either of the de-
fendants had failed to furnish a reasonably safe place
in which to work, or reasonably safe tools, appliances and
machines with which to work, or that the steel rim was
warped or in any maner defective.

As to the failure of either of the defendants to promul-
gate and establish reasonable rules so as to render rea-
sonably safe the manner of removing a tire from a truck
wheel, the proof failed to disclose that the work was so
complex, even though it may have been dangerous, as to
require the promulgation of rules and regulations for the
performance of such a simple and common task. Tatum
v. Crabtree, 130 Miss. 462, 94 So. 449; Eagle Cotton Oil
Company v. Pickett, 175 Miss. 577, 166 So. 764.

Moreover, if it should be assumed that Will Ponder was
an agent and employee of the Masonite Corporation, in-
stead of an independent contractor and employer of the
appellee, there would be no duty resting upon him as the
alleged agent and employee of the Masonite Corporation,
to promulgate any needed rules and regulations for the
performance of the work.

This brings us to the remaining questions involved as
to whether or not either or both of the defendants are
liable on the ground of an alleged breach of duty to warn
the plaintiff of the danger incident to removing the steel
rim from the truck tire on the occasion complained of,
upon the theory that he was inexperienced and did not
know how it should be done, or appreciate the danger
incident thereto.

Both of the defendants requested, but were refused, a
peremptory instruction in their behalf. The one re-
quested on behalf of the Masonite Corporation was on
the ground (1) that the plaintiff was a servant and em-
ployee of the defendant Will Ponder, an independent con-
tractor, and (2) that if he should be held to have been a

servant and employee of the corporation, the proof was insufficient to show a negligent failure to comply with any of the duties which the said defendant owed to him under the allegations of the declaration. The one requested by the defendant, Will Ponder, was on the ground that the proof was insufficient to show that he was under any duty to promulgate rules and regulations as to a safe method for changing the truck tire, or that he knew that the plaintiff was inexperienced and without knowledge as to the proper method for doing so.

We deem it unnecessary to review and analyze the cases relied upon as determinative of the issue as to whether or not Will Ponder was an independent contractor and sole employer of the plaintiff, since we have reached the conclusion that the proof is insufficient to sustain any charge of negligence on the part of either of the defendants under the law of Master and Servant, without regard to which of them was his employer. We are content to merely state that in our opinion the facts of the case, including the written contract or contracts between the Masonite Corporation and Will Ponder, do not constitute the plaintiff an employee of the Masonite Corporation under the decisions of Texas Company v. Mills, 171 Miss. 231, 156 So. 866; Texas Company v. Jackson, 174 Miss. 737, 165 So. 546; Kisner v. Jackson, 159 Miss. 424, 132 So. 90; Gulf Refining Company v. Nations, 167 Miss. 315, 145 So. 327; McDonald v. Hall-Neely Lumber Co., 165 Miss. 143, 147 So. 315; Gulf Coast Motor Express Co., Inc., et al. v. Diggs, 174 Miss. 650, 165 So. 292; Tatum v. Crabtree, supra; Eagle Cotton Oil Company v. Pickett, supra; Masonite Corporation v. Lochridge, 163 Miss. 364, 140 So. 223, 141 So. 758; American Sand & Gravel Company v. Reeves, 168 Miss. 608, 151 So. 477; Shell Petroleum Company v. Linhan, Miss., 163 So. 839; Louis Werner Saw Mill Company v. Northcutt, 161 Miss. 441, 134 So. 156; Hutchinson-Moore Lumber Co. v. Pittman, 154 Miss. 1. 122 So. 191; Parks v. Lynch, Miss., 195 So.

331; and Crosby Lumber & Mfg. Co. v. Durham, 181 Miss. 559, 179 So. 285, 854.

On the question of the alleged negligence of Will Ponder in failing to warn the plaintiff of the danger complained of, the proof discloses on behalf of the plaintiff that he had previously driven a truck overseas for twenty-three months. He testified, however, that he had never changed a tire during that period of service, and that he had never at any time changed a truck tire of the kind and character involved in the accident. He introduced as a witness an experienced man in the tire business who testified in regard to the kind of tire here involved that: "I think all truck tires are made that way," meaning that trucks used in hauling wood were of that type; and this was the work in which the plaintiff was engaged. This witnesse also testified that if the tire is deflated before the attempt is made to remove this small steel rim, there is no danger incident to the undertaking, unless the rim is warped. And this witness was also asked:

"Q. And a person who knows to deflate the tire, also knows to deflate it entirely, is that right? A. Yes, sir.

"Q. That is correct, isn't it? A. Yes, sir."

The proof further discloses that on the occasion in question the plaintiff, who had been asked by Will Ponder to change the tire while the latter went into the filling station, undertook to first deflate it by pressing a match against the stem of the valve core, which was a common practice; that he thereby reduced the air pressure to about 20 pounds, whereas the tire normally carried 55 pounds pressure; that he then ceased to let out more air when he failed to longer hear it escaping. And it was shown that it was dangerous to try to remove the steel rim with as much as 20 pounds of air pressure in the tire, or unless it was almost entirely deflated.

The plaintiff had been working on this truck for more than three weeks while it was being driven by one John Barner, and he admitted that he had seen John Barner

deflate a tire on his truck on two occasions by letting the air out of the same by the use of the match stem in the same manner that he was doing when he was injured. And, a witness for the defendants, a man experienced in the tire business, testified that if a person had seen a tire of this kind removed as many as two or three time he should know how it should be done. The testimony of this witness in that behalf is undisputed. Although this witness further testified that he instructed his new employees in his tire business as to the necessity of deflating tires before removing the rim therefrom, that, nevertheless, if he saw one letting air out of a tire, he would not consider it necessary to instruct him.

The defendant, Will Ponder, when being question as to his knowledge of the inexperience of the appellee, was asked: "Q. And you knew, did you not, that Luther Stevens had never changed a tire of that sort before? A. No, sir, I didn't know that." And the plaintiff was asked: "Q. Did Will Ponder know that you had never done that kind of work, or do you know whether he knew or not. A. Yes, sir, I hadn't never done it." The last question and answer above quoted is the only testimony offered to show that the employer Will Ponder knew of the plaintiff's alleged inexperience in changing truck tires. And, it will be observed therefrom that the plaintiff does not state positively that Ponder knew that he had never done that kind of work, unless he meant that he knew it merely because "he hadn't never done it." But, as heretofore stated, he admitted that he had seen John Barner remove tires on this truck on two occasions by first deflating them before attempting to remove the steel rim from the inner circumference of the tire. And, being an adult, and having been about a bit, and having been a truck driver of experience, he had of course seen tires changed after first being deflated in each instance. And when he was asked as to whether he knew of the importance of first deflating the tire, he answered in the affirmative, the questions and answers being:

"Q. You recognized that it was important, and when you did it, you did the same thing? A. Yes, sir.

"Q. What did you do? And did you take the air out? A. Yes, sir.

"Q. Used a match stem? A. Yes, sir.

"Q. And you knew that was important, didn't you? A. Yes, sir.

"Q. And you knew the best way to take it (the steel rim) out (of the tire) was to let the air out of it? A. Yes, sir."

It is not required of the master that he shall warn the servant to do something which the latter already knows to do. The plaintiff admitted, as above shown, that he knew that the air should be removed from the tire before attempting to remove the steel rim therefrom; that this was the way it should be done; that this was the way he had seen it done; and in our opinion it was not therefore required of the employer to tell or warn him to do it that way.

In other words, the proof discloses that the plaintiff's own failure to let out all, or practically all, of the air from the tire, was the sole proximate cause of the injuries complained of. He quit removing the air from the tire too soon, and the amount left therein caused the steel rim to spring out and injure him when he undertook to prize the rim out of its place.

After the plaintiff had served as a helper on the truck for approximately three weeks, when it was being driven by John Barner, he applied for the job as truck driver when Barner quit as such, and his employer had the right to assume that he was qualified for the work and that it was not necessary to warn him as to the danger incident thereto. 39 C. J. 512, Sec. 621.

The Court therefore is of the opinion that the peremptory instructions requested by each of the defendants in the court below should have been granted.

Reversed, and judgment here for appellants.