CARROLL *v.* E. G. LAUGHLIN & SONS, et al.

April 5, 1954

No. 39143 59 Adv. S. 7 71 So. 2d 461

*Francis Bowling, Barnett, Jones & Montgomery,* Jackson, for appellant.

*Satterfield, Ewing, Williams & Shell,* Jackson, for appellee.

GILLESPIE, J.

The appellant, Joe Carroll, made claim under the workmen's compensation law against E. G. Laughlin and Sons, Inc., and its insurer, for certain injuries. Carroll claimed that he was an employee of E. G. Laughlin and Sons, Inc., hereinafter called appellee. Appellee contended that Carroll was an employee of Tom Richardson, an independent contractor.

The attorney-referee, the workmen's compensation commission, and the circuit court held that Carroll was an employee of Tom Richardson, and denied the claim.

Appellee operated a lumber manufacturing business. Its raw material consisted of hardwood logs. About half of appellee's logs were purchased from various persons who delivered the logs to appellee's yard. The remaining portion of its logs were cut from standing timber purchased by appellee. Appellee had no employees on its payroll except those who worked in the mill and about the mill yard. It maintained no timber cutting �835 log hauling crews. All of the standing timber purchased by appellee was cut and hauled to the mill yard by persons who entered into contracts with appellee to cut and haul the timber on a footage basis. We assume, but do not decide, that these various cutters and haulers of logs were independent contractors, of which there were six or seven.

Tom Richardson was timber buyer, log cruiser, and woods superintende t for appellee, and as such, was on full time duty for appellee at a straight salary of $48.00 per week. Richardson's duties as woods superintendent included finding and estimating timber; trading with the people who owned it; buying the timber· securing and hiring independent contractors to cut the timber and bring in the logs; supervising the cutting of the timber to see that the independent contractors did a good job of cutting; seeing that the cutters and haulers brought in what was wanted and left what was not merchantable; determining what tract was to be cut next in case of several tracts; and generally supervising the cutting and bringing in of timber. It was Richardson's duty to keep appellee's mills supplied with logs and he had full authority over that part of appellee's operations.

Richardson had been thus employed for two years when he approached the president of appellee for advice and authority in connection with the purchase of equipment and hiring of a crew to cut and haul timber on the same basis as the other independent contractors. Appellee's president consented. The arrangements were made

and operations thereunder were substantially as follows: Richardson bought a truck, horses, saws, and other equipment, hired a truck driver, team driver, and two woodcutters; Richardson paid all expenses of his operation in cutting timber, hauling logs to appellee's mill on a footage basis; Richardson had the right to haul for others and did do a small amount of hauling for others. Without detailing this arrangement, it is sufficient to state that the contractual arrangements between Richardson and appellee for the cutting of the timber and hauling of logs was such that Richardson became an independent contractor, if we disregard Richardson's status as woods superintendent for appellee. Richardson was to continue his position as woods superintendent for appellee and whatever he made, if anything, as an alleged independent contractor would be additional income.

Appellant Carroll was employed as a truck driver by Richardson in connection with the latter's cutting and hauling contract with appellee. Carroll was unloading a load of logs at appellee's mill when he sustained injuries resulting in the amputation of his leg.

The question for decision is: Did the existence of the relationship of woods superintendent which Richardson held with appellee, with duties as herein stated, destroy the otherwise independent character of the cutting and hauling contract? We are of the opinion that it did, that Richardson was not independent. In performing the alleged independent contract, Richardson hired and fired the laborers, including appellant, and controlled the methods, manner, and means of performance of the contract. Did he exercise this right of control as Tom Richardson, independent contractor, or as Tom Richardson, woods superintendent for appellee? The answer to this question is impracticable of determination; nor is its answer necessary. The fact that the comprehensive authority of Richardson as woods superintendent for

appellee superimposed every act that he did as an alleged independent contractor, gave appellee the right of control over every phase of Richardson's cutting and hauling contract. This right of control is the determining factor here. We recognize the rule that an employee may be an independent contractor as to certain work, and a mere servant as to other work for the same employer. 27 Am. Jur., Independent Contractors, Sec. 20. But the same text points out that the status of independent contractors in ordinary transactions excludes that of master and servant.

Where there exists a dual relationship of employee and contractor, and the authority and duties of the employee embrace the same subject matter as the contract, the court will not attempt a theoretical determination of whose control is being exercised in the performance of the contract. The right of control of the employer and independency of the contractor cannot coexist.

Both appellant and appellee cite and rely on the cases of Mills v. Jones Estate, 213 Miss. 680, 56 So. 2d 488, and Vestal and Vernon Agency v. Pittman, 69 So. 2d 227. Those cases are not in point from the standpoint of facts, but in principle they tend to support appellant's position.

We said in the case of Hutchinson-Moore Lumber Co. v. Pittman, 154 Miss. 1, 122 So. 191, that the right to control is one of the determining factors. In Crosby, etc. v. Durham, 181 Miss. 559, 179 So. 285, we defined an independent contractor as "a person who contracts with another to do something for him, but who is not controlled by the other, nor subject to the other's *right to control* with respect to his physical conduct in the performance of the undertaking." (Emphasis ours.) In the late case of Sones v. Southern Lumber Company, 215 Miss. 148, 60 So. 2d 582, this Court said: "The solution, after all, is found in a determination from the facts whether the alleged contractor is in truth and in fact independent."

The cases of Carr v. Crabtree, 212 Miss. 656, 55 So. 2d 408, and Cobb, et al. v. Vicksburg Hardwood Company, 68 So. 2d 98, cited by appellee, are not in point. In those cases there was no right of control of the independent contractor.

We hold that Richardson was not independent, and appellant was an employee of appellee.

Reversed and judgment here for appellant, and cause remanded.

*McGehee, C. J.*, and *Lee, Arrington* and *Ethridge, JJ.*, concur.