Gulf Coast Motor Express Co., Inc., *et al. v.* Diggs.

(Division B. Jan. 13, 1936.)

[165 So. 292. No. 31971.]

Leathers & Greaves, of Gulfport, for appellant.

**Gex & Gex**, of Bay St. Louis, for appellees.

654

Argued orally by **P. D. Greaves**, for appellant, and by **W. J. Gex, Sr.**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Hancock county against appellants, Gulf Coast Motor Express Company, Inc., and C. C. Couvillon, to recover damages for an injury received by him as the result of a collision between a motor freight truck driven by Couvillon and a passenger automobile in which appellee was traveling. Appellee averred in his declaration that the freight truck was engaged about the business of appellant, the Motor Express Company; was being driven by its servant, Couvillon, and through the negligence of the latter the injury occurred. There was a verdict and judgment in the sum of eight thousand dollars. Appellants made a motion for a new trial, one ground of which was that the verdict was excessive. The court stated that the motion would be sustained on that ground unless appellee entered a remittitur reducing the amount to five thousand dollars. Appellee entered such remittitur, and judgment was entered accordingly. From that judgment appellants prosecute this appeal.

On July 1, 1934, Couvillon was driving a truck with trailer attached, going east on United States highway 90 in Hancock county. Appellee was in a passenger automobile with others, going west on the same highway. The evidence for appellee, which was believed by the jury, showed that the collision and injury was caused by the negligence of the driver, Couvillon. Appellee was knocked unconscious and his right collarbone was broken. He was taken to a hospital in Bay St. Louis, and the following day removed to the Charity Hospital in the city of New Orleans. Dr. Wolfe of the Bay St. Louis hospital testified that he had a broken collarbone and five other wounds in which it was necessary to take nineteen stitches; that as a result of the wounds scar tissue had formed, causing keloids, which resulted in some discoloration and discomfort, and which might be permanent. Appellee testified that the broken collarbone was in a cast for about two months, during which time he received

treatment at the Charity Hospital in New Orleans, that the cast was removed, but shortly afterwards the collarbone broke again, necessitating another cast for two months or more, and that as a result of the injuries he was totally incapacitated for any kind of work for a period of about six months.

Appellants' main contentions are (1) that the Motor Express Company had not been brought into court by proper process for trial at the term at which the cause was tried; (2) that a relation of master and servant did not exist between the Motor Express Company and Couvillon, but that Couvillon was an independent contractor, for whose tort the Motor Express Company was not liable; and (3) that the verdict, although reduced from eight thousand to five thousand dollars, was excessive. The other questions argued are not of sufficient merit to call for a discussion by the court. We will consider the above questions in the order stated.

It may be conceded for the purposes of decision that the efforts by process to get the Motor Express Company into court for trial at the term at which the cause was tried were abortive; still by its own action it voluntarily made itself a party for trial at that term. The Motor Express Company made a motion to quash the process for various reasons. The court overruled the motion; thereupon the Motor Express Company moved the court to either continue the case for the term or set it for trial at a later day in that term. The court made an order on the motion, setting it for a later day in that term. It was accordingly tried; the trial beginning on the day it was set.

Section 2999, Code of 1930, provides as follows: "Where the summons or citation, or the service thereof, is quashed on motion of the defendant, the case may be continued for the term, but defendant shall be deemed to have entered his appearance to the succeeding term of the court."

Under the statute, the motion to quash was an appearance for the succeeding term of the court. If nothing else had been done, there might have been merit in the contention that the cause was not triable at the term at which it was tried, but, when the Motor Express Company entered its motion to either continue the case or set it for a day during that term, that was tantamount to a general appearance. The Motor Express Company was in court, at least after that, for trial either at that term or some subsequent term.

The Motor Express Company was a Louisiana corporation engaged in transporting and delivering, as a common carrier for hire, freight by motortrucks along certain highways, one of which was United States highway 90 from New Orleans to Mobile. The freight was accumulated by the shippers at a depot in the city of New Orleans and there loaded on trucks for various destinations. Couvillon owned a truck and trailer; he was under contract with the Motor Express Company and served the territory between New Orleans and Mobile, and was so engaged when the collision occurred, resulting in appellee's injury. The Motor Express Company issued waybills covering the freight in its own name, and directed Couvillon to deliver it to the consignees; the latter was charged by the company with the amount due on all C. O. D. packages, for which he in turn accounted to the company. He was authorized to accept freight for the Motor Express Company anywhere along the route, deliver it to the consignees, and collect regular freight charges thereon, fixed by the company. Couvillon's compensation was a certain per cent of all freight charges received. The Motor Express Company had freight agents at Biloxi and Pascagoula, in this state, whose duty it was to receive and distribute freight on its account. In many respects the Motor Express Company had substantial control over the means and methods used by Couvillon in carrying freight for it. He was therefore

a servant and not an independent contractor. Texas Co. v. Mills, 171 Miss. 231, 156 So. 866; Gulf Refining Co. v. Nations, 167 Miss. 315, 145 So. 327; McDonald v. Hall-Neely Lumber Co., 165 Miss. 143, 147 So. 315. An independent contractor is one rendering services in the course of his occupation representing the will of his employer as to the results alone, and not as to the means of accomplishing those results.

The verdict is large, but we cannot say that it is so large as to evince passion and prejudice on the part of the jury, especially in view of the fact that the trial judge considered and passed on this question requiring appellee to reduce the verdict from eight thousand to five thousand dollars or submit to a new trial. The judgment of the trial court on such a question should and has material influence with this court.

Affirmed.