SANDIFER, EXECUTOR, *v.* SANDIFER.

No. 41258 October 26, 1959 115 So. 2d 46

*Wm. Harold Cox,* Jackson, for appellant.

466

*Pierce & Waller,* Jackson, for appellee.

ARRINGTON, J.

The appellant, Bishop W. Sandifer, executor of the estate of Edward L. Sandifer, deceased, appeals from

two decrees of the Chancery Court of the First Judicial District of Hinds County, Mississippi.

The record discloses that on October 27, 1952, Edward L. Sandifer, brother of the appellant, executed a last will and testament wherein he left all of his estate to the appellant, Bishop W. Sandifer, and appointed him as executor of the will without bond. Thereafter, on May 21, 1957, the decedent, Edward L. Sandifer, married Mrs., Audrey Sandifer, and they lived together as husband and wife until his death on October 29, 1958. On November 25, 1958, the last will and testament of the deceased was probated in common form and letters testamentary were issued to the appellant as executor of the will. On January 6, 1959, the appellee, Mrs. Audrey Sandifer, widow of decedent renounced the will above referred to and on the same date filed her petition for allowance of one year's support. On January, 8, 1959, the appellee filed petition to set aside the last will and testament of the deceased. On February 11, 1959, the appellee filed her petition for the appointment of a temporary administrator. Thereafter, on the same date, a hearing was held by the court on the petition for the widow's allowance and on the petition for appointment of a temporary administrator. The court allowed the appellee a year's support in the amount of $2,500, and also appointed a temporary administrator and removed the appellant as the executor of the estate of Edward L. Sandifer, deceased.

The appellant assigns as error on this appeal that the court erred in the removal of the executor and in appointing a temporary administrator, and that the court erred in awarding the appellee one year's support in the amount of $2,500.

The appellant first argues that the court was without jurisdiction to hear the petition for the appointment of a temporary administrator for the reason that no process was served on the appellant, and that

he was without power to remove the executor. No process was issued or served on the appellant. The record discloses that the hearing was held on February 11, 1959. Counsel for appellant objected to the hearing but not on the grounds he was entitled to five days' notice, but because he had been tied up with other matters and for that reason had not had time to prepare his defense. The record further discloses that counsel for appellant stated in the record that the respondent joined issue in short with the petition for appointment of a temporary administrator. The record further discloses that counsel for appellant took part in the trial, examined the witnesses, and put on the appellant in his defense to the motion. We are of the opinion that the appellant having taken issue with the appellee and participated in the hearing waived the service of process. Griffith, Mississippi Chancery Practice (2d ed.), Section 240.

In Hatchcock v. Owen, 44 Miss. 799, the Court said: "If there was a serious defect in the writ which was served on Hatchcock, it was cured by his plea to the merits. The office of the process was to give notice of the suit, and confer jurisdiction on the court over the person of the defendant. If he appears and pleads on defective service of the writ, or on service of a defective writ, or without a writ at all, the end of the law in this behalf has been attained, and jurisdiction over him for all the purposes of the suit has been acquired."

Appellant contends that no cause existed for the removal of appellant as executor and that the court lacked power and authority to appoint a temporary administrator.

██ ██ The petition for the appointment of a "temporary administrator" was brought under Section 520, Mississippi Code of 1942. This section provides that whenever a will is contested the chancellor, on the petition of any interested person, may appoint a temporary administrator if it shall appear necessary for the protec-

tion of the rights of the parties. We think the chancellor should have wide discretion in applying this statute. Nowhere does the statute say that before he may appoint a temporary administrator he must find that the executor named in the will is disqualified or has been guilty of misconduct in office. If the will is contested, the matter of appointing a temporary administrator is largely a matter for the chancellor's discretion, and should not reverse his action unless there is clear evidence of abuse of that discretion.

 Since the chancellor had the power and authority to appoint a temporary administrator, it necessarily follows that if an executor has qualified, such executor must be removed during the pendency of the will contest in order to permit the temporary administrator to perfrom his duties pending the outcome of the will contest. We do not construe the decree of the chancellor as permanently removing appellant as executor. An executor may be removed under Section 536, Mississippi Code of 1942, "if he becomes disqualified, or for improper conduct in office." The petition for appointment of a temporary administrator in this case was not brought under Code Section 536, and it was not charged that appellant was disqualified, nor was there any change of misconduct in office. If the will is upheld upon the hearing of the contest, appellant would be entitled to resume the office of executor and to receive the emoluments thereof, unless and until he is removed permanently under appropriate proceedings. Of course, if the will is held to be invalid, appellant's rights to the office of executor fail with the will.

 Under Section 561, Mississippi Code of 1942, the chancellor's allowance for a year's support was a matter for his discretion, and we cannot say that there was an abuse thereof.

It follows that the chancellor's decrees are affirmed.

Affirmed and remanded.

470

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.