MLADINICH, et al. *v.* KOHN

No. 42933 June 1, 1964 164 So. 2d 785

*Morse & Morse,* Gulfport, for appellants.

*Guste, Barnett & Little,* New Orleans, Louisiana; *Mize, Thompson & Mize,* Gulfport, for appellee.

ETHRIDGE, J.

This case involves two questions: (1) whether a non-resident individual, charged in a tort action with slander,

is amenable to the process and jurisdiction of a Mississippi court for such slander occurring in a single speech made here by the nonresident; and (2) if not, whether his special appearance in the Mississippi court by motion to dismiss for want of jurisdiction constituted a general appearance, and a waiver of lack of jurisdiction. Both questions are answered in the negative. The judgment of the trial court, dismissing the action, is affirmed.

## I.

This appeal originated as three separate actions filed in the Circuit Court of Harrison County, Mississippi, by Jake, Andrew Jake, and John Mladinich. They are resident citizens of Harrison County, Mississippi. The defendant in each action is Aaron M. Kohn, who is manager and director of the Metropolitan Crime Commission of New Orleans, Inc. (called Crime Commission), and a resident citizen of New Orleans, Louisiana. The circuit court dismissed the suits for want of jurisdiction, and consolidated them for purposes of this appeal. The facts are similar, and generally this opinion will refer to them in the singular. The Crime Commission is a civic organization incorporated under the laws of Louisiana, for the purpose of dealing with community problems of organized crime, and the improvement of law enforcement and administration of justice. Its activities are devoted to the problems of the three Louisiana parishes which constitute the core of the metropolitan area of New Orleans.

The declaration made the following allegations: Kohn was engaged in the business of traveling from place to place within and without the states of Louisiana and Mississippi and lecturing on underworld government. In delivering such lectures Kohn "is engaged in slandering business men in the localities he lectures," charging them without cause with being linked with the under-

world and "with Carlos Marcello, a notorious under-world character in Jefferson Parish, Louisiana." Such actions by Kohn "constituted doing business and performing services or work in the State of Mississippi," and by such activities he appointed the Secretary of State of Mississippi as his agent for the service of process. Kohn was "engaged by the Brotherhood of Gulf Coast Baptist Association to lecture on under-world government" in a Baptist church in Biloxi. A copy of the program for this meeting was attached as an exhibit. It contained a short biographical sketch of Kohn. He was formerly an agent of the F.B.I. and was associated with a somewhat similar commission in Chicago.

On the night of August 21, 1962 Kohn appeared before a large congregation assembled to hear his speech. He charged falsely, maliciously, and with the intent to injure plaintiff in his personal, social and business relations, that the plaintiff, Jake Mladinich, along with his sons, the other two plaintiffs, operated the Cabana Beach Motel on U. S. Highway 90, west of Biloxi, Mississippi, "for the racketeer Carlos Marcello." This statement was false and defendant knew it was. Two of the plaintiffs were present, and publicly disputed its truthfulness. Kohn said he had records linking Marcello with operation of the motel and other related businesses. Plaintiffs called on him to produce them, but he refused, asserting that "the Mladiniches are members of the underworld government."

Marcello has been charged by various governmental agencies with being an "underworld racketeer." Defendant, without any cause and for the sole purpose of maliciously destroying plaintiff's credit, reputation and character, falsely and purposely made these statements, giving similar statements to a reporter for a Gulfport-Biloxi newspaper. A copy of the newspaper story was attached as an exhibit. It referred to the speech, as-

serting that Kohn had been "haunting racketeers in the New Orleans area" since he became director of the Crime Commission. Kohn also referred to other individuals in his speech, the approval of crime by many people, the fact that graft and the underworld are threats to the American way of life, a recommendation that citizens put more pressure on public officials to fight the underworld, family and social ties in the underworld, failure to enforce laws which would halt vice, and "there is not a thing I could say about New Orleans that wouldn't apply to the composite communities of the Gulf Coast."

The motel and its allied businesses enjoyed a good reputation for food and shelter before the statements by defendant. They were false and were made maliciously for the purpose of destroying plaintiff's reputation and business. They were given wide publicity by newspapers, television and radio stations from New Orleans, Jackson, and Gulfport-Biloxi. For such untrue and slanderous statements, plaintiff asked damages of $10,-000.

This action was based upon the provisions of Mississippi's "long arm" jurisdictional statute. Miss. Code 1942, Rec., §§ 1437-1440; Miss. Laws 1940, ch. 246. Civil actions for the recovery of damages brought against a nonresident of the state may be commenced in the county in which the action accrued. Section 1437 then states:

"Any non-resident, person, firm, partnership, general or limited, or any corporation not qualified under the constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state, shall, by the doing of such business or the performing of such work or services, be deemed to have appointed the secretary of state, or his successor, or successors in office, to be the true and lawful attorney or agent of such non-

resident, upon whom 'process may be served in any action, accrued or accruing from the doing of such business or the performing of such work or service, or as an incident thereto by any such non-resident, or his, their or its agent, servant or employee. The doing of such business or the engaging in any such work or service in this state shall be deemed a signification of such non-resident's agreement, and equivalent to an appointment by, such non-resident of the secretary of state of the state of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident upon whom may be served all lawful process in any action or proceedings against any such non-resident for any cause of action which has accrued or may accrue in this state.''

Section 1438 provides that service of two copies of process shall be upon the secretary of state, who shall mail one to defendant. The clerk of the court in which the suit is filed must send to defendant a copy of the declaration by registered mail, with return receipt. These things were done.

Reverend O. B. Anderson and Lee Burns filed a petition for authority to file a motion to dismiss, amicus curiae. They desired to appear as amicus curiae in order to challenge jurisdiction of the court. The attached motion to dismiss was based on an averment that the court had no jurisdiction of the person of defendant. The affidavit stated that one of them had heard Kohn speak at a church in Gulfport on June 19, 1962, so they invited him to appear before the Brotherhood of the Gulf Coast Baptist Association on August 21, 1962; that Kohn is a resident citizen of Louisiana, was not engaged in any business in Mississippi on the occasion of his speech, and was not paid for it; and that the two speeches made by him were the only ones which he had made in Mississippi. The circuit court denied this petition ''because petitioners in fact appear on be-

half of defendant.'' Plaintiff's motion for judgment by default was overruled.

Kohn then appeared specially and only for the purpose of filing a motion to dismiss the cause for want of jurisdiction. He averred that the court had no jurisdiction of him, since he was not doing business in Mississippi and could only be sued in the place of his residence. Attached to this motion was an affidavit by Kohn, to the effect that he was not engaged in any business here.

There was a hearing on the motion to dismiss. Kohn testified that he was a resident citizen of New Orleans, Louisiana, and described his work with the Crime Commission. The only two talks he ever made in Mississippi were on August 21, 1962, the basis of the suit, and on June 19, 1962, both before Baptist organizations. He received no personal remuneration for making either of them, and no expenses. ''Quite a few years ago'' he made a talk in Jackson, Mississippi with reference to organizing a crime commission. He does no kind of business in this state. In the nine years he had been with the Crime Commission, he made perhaps a dozen speeches outside of Louisiana. He was invited to talk to the Baptist Brotherhood by Rev. Anderson, and did that as a civic duty and as an individual. His work with the Crime Commission is confined to the three parishes of the metropolitan New Orleans area. His speech was not a prepared address. His talk at the Baptist church in June 1962 in Gulfport was on the general importance of citizen participation in combatting crime and raising the standards of law enforcement. His major activities are investigating, research, and directing the staff of the Crime Commission. He has testified on numerous occasions before grand juries, congressional committees, and other official investigating bodies. The directors of the Crime Commission did not know he was to make a speech in Biloxi.

The circuit court entered a judgment sustaining defendant's motion to dismiss for want of jurisdiction. Plaintiff then filed a motion to set aside the order of dismissal, alleging that Kohn secured representation of Robert Thompson, his attorney, to appear in his behalf as amicus curiae to contest jurisdiction, and this attorney was acting in behalf of defendant and thereby entered his appearance. Plaintiff also moved for leave to amend his declaration. The proposed amendments were based principally on additional allegations concerning widespread circulation of the alleged slanderous remarks through newspapers, television and radio releases from New Orleans newspapers and stations. These motions were overruled.

## II.

■■■ ■ Kohn was not amenable to the process and jurisdiction of the Mississippi court. He was not doing business nor did he perform any character of work or service in this state, under Code section 1437, which would suffice for that purpose.

In Davis-Wood Lumber Co., Inc. v. Ladner, 210 Miss. 863, 50 So. 2d 615 (1951), we recognized that *International Shoe* in effect had discarded the fictions of presence within the state and consent to process. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). It expanded a state's jurisdictional potential. Section 1437 is a rather typical "long arm" jurisdictional statute, similar to those passed by many other states. House Bill No. 128, enacted at the present Mississippi legislative session, amends section 1437, but is not involved here, since it becomes effective July 1, 1964. Cf. Miss. Laws 1962, ch. 235, §§ 106, 151 (defining certain corporate acts not constituting the doing of business) ; see Anno., State's Power to Subject Nonresident Individual Other Than a Motorist to Jurisdiction of Its Courts in Action for

Tort Committed Within State, 78 A.L.R. 2d 397 (1961). *Davis-Wood* adopted the minimum contacts-fairness test as the "outer bounds" of state power under section 1437. However, its maximum reach was not involved in that case. 210 Miss. at 880, 50 So. 2d at 622. The statute applies to both contract and tort actions.

Moreover, although for jurisdictional purposes individuals and corporations can not be treated alike in all respects, decisions subsequent to *International Shoe* indicate essentially the adoption of one jurisdictional test applicable to both nonresident individuals and corporations. Travelers Health Assn. v. Va., 339 U.S. 643, 70 S. Ct. 927, 94 L. Ed. 1154 (1950); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). These and other cases were reviewed in Century Brick Corporation of America v. Carroll, 153 So. 2d 683 (Miss. 1963), a suit against a nonresident corporation. In Livestock Services, Inc. v. American Cyanamid Company, 244 Miss. 531, 142 So. 2d 210 (1962), the court examined the quality, nature and extent of the activities of the nonresident corporation in the forum state, and concluded they were merely casual and sporadic, and in effect held that, considering the basic equities, it would offend traditional notions of fair play and substantial justice to hold the nonresident corporation had been doing business in this state.

Tyee Construction Company v. Dulien Steel Products, Inc. of Washington, 62 Wash. 2d 106, 381 P. 2d 245, 251 (1963), summarized with clarity the three basic factors which must coincide if jurisdiction is to be entertained. They are in accord with the constitutional limitations on state power under *International Shoe* and subsequent decisions, and, we think, in accord with the decisions of this Court. Those three factors are:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

In the instant case, Kohn, a resident citizen of Louisiana, was invited to make a speech to a religious association in this state. His employment was confined to problems of law enforcement in three Louisiana parishes in the New Orleans metropolitan area. Prior to the Mississippi speech in question, Kohn had made only one other address in recent years in this state. It was also to a religious group. For the speech in question, he received no remuneration and no expenses. He made the speech for what he considered a civic duty and courtesy in response to the invitation. His Louisiana employer, the Crime Commission, did not know he was making it, had nothing to do with it, and it was not within the scope of his employment. In this address Kohn allegedly slandered three citizens of this state.

Evaluating these factors, Kohn purposefully did an act in this state, and the cause of action arose from that act. However, his speech was an isolated, single act, done with no financial gain in view, and did not constitute the "minimal contacts" sufficient to give this state jurisdiction. It was an isolated excursion here for an uncompensated speech, solicited by Mississippi residents, and it involved no systematic or continuing action by Kohn. The quality and nature of his activities were inconsequential. It would be unreasonable under these

standards to assume jurisdiction. For all of these reasons, the assumption of in personam jurisdiction over him in this action would offend "traditional notions of fair play and substantial justice." Those "minimal contacts" which are prerequisite to the personal jurisdiction of the courts of Mississippi over a nonresident defendant are totally lacking as to Kohn. Kaye-Martin v. Brooks, 267 F. 2d 394 (C.A. 7th, 1959), cert. den., 361 U.S. 832, 80 S. Ct. 84, 4 L. Ed. 2d 75 (1959); see Thode, In Personam Jurisdiction, 42 Tex. L. Rev. 279, 297-310 (1964); Comment, In Personam Jurisdiction Over Nonresidents, 29 Miss. L. J. 91 (1957). Hanson v. Denckla demonstrates that any contact with the state of the forum is not sufficient to support jurisdiction over a nonresident. We do not attempt to define a rule pertaining to state jurisdiction over a single, isolated tort committed in this state, but hold there is none here.

## III.

Since the circuit court had no jurisdiction over the person of defendant, the remaining question is whether his special appearance in the Mississippi court by motion to dismiss for want of jurisdiction constituted a general appearance, and a waiver by him of the court's lack of jurisdiction. We do not think it did. However, this conclusion requires an examination of the Mississippi statute and decisions, and a reevaluation and restatement of the rules in this jurisdiction concerning the right of a nonresident, individual or corporation, to raise in a Mississippi court its lack of jurisdiction over the person of such defendant, without entering a general appearance by such action.

In 1890 York v. Texas, 137 U.S. 15, 11 S. Ct. 9, 34 L. Ed. 604, upheld the validity of a Texas statute which denied a nonresident, individual defendant, over whom the Texas court had no in personam jurisdiction, the right to make a special appearance for the purpose of con-

testing the court's jurisdiction over his person. The nonresident's appearance to contest jurisdiction constituted a general appearance.

In 1892 Mississippi enacted what is now section 1881, Mississippi Code 1942. Miss. Code 1892, § 3447. Section 1881 provides:

"Where the summons or citation, or the service thereof, is quashed on motion of the defendant, the case may be continued for the term, but defendant shall be deemed to have entered his appearance to the succeeding term of the court."

 █ The manifest purpose of section 1881 was to provide that, where there is a defective process or defective service of process, a defendant's appearance to quash it constitutes the entry by him of a general appearance. On its face the statute has nothing to do with the entirely different question of the jurisdiction in personam of a Mississippi court over a nonresident individual or corporation. It pertains solely to defects in process or service, or lack of them. It does not purport to deny a nonresident defendant a right to appear for the purpose of contesting the court's jurisdiction over his person. Yet with considerable justification, from obiter dicta in several decisions of this Court, it has often been assumed, without examination, that section 1881 denies a defendant an appearance to contest jurisdiction over his person, and that if he appeared for that purpose, he entered a general appearance and waived the jurisdiction issue. See Note, Special Appearance in Mississippi, 19 Miss. L. J. 59 (1947). Accordingly, appellant here contends that, even though the circuit court originally had no jurisdiction over Kohn, his special appearance by motion to dismiss constituted a general appearance for all purposes. We do not agree.

The statute does not preclude a special appearance to raise jurisdiction of the person. Moreover, the controlling decisions of this Court, interpreting and applying

section 1881, recognize, we think, the right of a nonresident to make a special appearance to contest the in personam jurisdiction of a Mississippi court.

Perhaps the first case referring to section 1881 was Illinois Central Railroad Company v. Swanson, 92 Miss. 485, 46 So. 83 (1908). The railroad was doing business in Mississippi, with several hundred miles of track. It was sued in a justice of the peace court, resulting in a default judgment, although there had been no process on the railroad. On appeal the railroad moved to dismiss because of want of process. It was said defendant thereby made a general appearance. *Swanson* therefore did not involve the right of a nonresident to raise the issue of lack of jurisdiction. However, Standard Oil Company of Kentucky v. State, 107 Miss. 377, 393-396, 65 So. 468 (1914), erroneously applied *Swanson* to an entirely different situation. The suit was against four nonresidents. One filed a general demurrer and of course made a voluntary appearance. Two others entered into a written agreement with the attorney general to enter their appearance. They and the fourth defendant appeared specially and excepted to jurisdiction. It was held that two of the three nonappearing defendants were in court because of the agreement; and further, that under *Swanson* and the statute, their special appearance to quash process constituted a general appearance. Although *Swanson* did not involve this issue, *Standard Oil Company of Kentucky* erroneously applied the *Swanson* rule to the one nonresident who did not voluntarily enter appearance.

Fisher v. Pacific Mutual Life Insurance Company, 112 Miss. 30, 72 So. 846 (1916), dismissed a suit by a Tennessee resident against an insurance company, because plaintiff was under a prohibitory injunction of a Tennessee court from bringing another suit out of that state. All else said in *Fisher* was dictum.

In 1927 the court decided National City Bank of St. Louis v. Stupp Brothers Bridge & Iron Co., 147 Miss. 747, 113 So. 340 (1927), which for the first time made an adequate and correct analysis of section 1881. It was a nonresident attachment in chancery, in which a nonresident bank appeared specially by motion to quash on the ground of want of in personam jurisdiction of the Mississippi court. This motion was overruled, and on appeal the trial court was reversed, and the bill dismissed. Answering a contention that the bank entered its appearance under section 1881, it was said the statute had no application, because the motion was "not based on any defect in process or the service thereof", but on the want of power in the court below to proceed against the nonresident. The latter was not compelled to wait until final judgment and then contest its validity. It had the right to appear and object "without thereby submitting itself to the jurisdiction of the court for any other purpose."

A petition to remove a case from state to federal court, which formerly was filed first in the state court, does not constitute a general appearance. McCoy v. Watson, 154 Miss. 307, 122 So. 368 (1929). It was said this was a permissible special appearance for the sole purpose of objecting to the jurisdiction of the court, and the nonresident does not submit "by availing himself of a right to which he is entitled." Turner v. Williams, 162 Miss. 258, 139 So. 606 (1932), although it contained dictum stating that any special appearance was a general appearance, did not involve a nonresident. Moreover, it recognized that appearance of a resident defendant to contest a void process had "nothing to do with a right of a defendant to have a cause dismissed . . . where there is a lack of territorial jurisdiction." In such case the defendant could plead that fact, without waiving the issue.

Arnett v. Carol C. and Fred R. Smith, Inc., 165 Miss. 53, 145 So. 638 (1933), is another significant decision applying the rule that a special appearance to raise want of jurisdiction is not a general appearance. The suit was in circuit court against a nonresident corporation, which was not doing business in this state. It filed a motion to quash process and a plea in abatement, which the trial court sustained. Affirming this action, and answering the contention that section 1881 denied the right to a special appearance, it was said that, if this right were denied by asserting a motion for that purpose waived want of jurisdiction, "the privilege would be destroyed entirely." The immunity "deprives the court of jurisdiction to proceed" with the cause. The statute was not intended "to abolish a rule founded in the necessities of due administration of justice, and, when such immunity exists and is properly asserted in a cause, the benefit of the exemption should be preserved by abating the suit."

Other cases, containing general dicta that an appearance to contest jurisdiction of the person of a nonresident defendant automatically confers general jurisdiction over him, are not in point, either because defendants voluntarily entered a general appearance, or were doing business in this state. Arndt v. Turner, 230 Miss. 294, 92 So. 2d 875 (1957); Ensminger v. Campbell, 242 Miss. 519, 134 So. 2d 728 (1961); Gulf Coast Motor Express Co., Inc. v. Diggs, 174 Miss. 650, 165 So. 292 (1936). Gridley, Maxon and Company v. Turner, 179 Miss. 890, 176 So. 733, 177 So. 362 (1937), was a suit against a nonresident corporation which was doing business in Mississippi, and process was served on its agent. In a dictum, it was said defendant's special appearance to quash process was a general appearance.

Other cases in recent years have recognized without expressly holding that a nonresident defendant may make a special appearance, by motion to dismiss for want of

jurisdiction over his person, without waiving that issue upon trial and appeal. Livestock Services, Inc. v. American Cyanamid Co., 244 Miss. 531, 142 So. 2d 210 (1962); Century Brick Corp. of America v. Carroll, 153 So. 2d 683 (Miss. 1963); Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So. 2d 351 (1943).

Nevertheless, despite the clarity of *National City Bank of St. Louis* and *Arnett,* apparently divergent statements in other cases, some of which are referred to above, have long had the effect of placing trial courts and attorneys in considerable doubt as to the right of a nonresident to raise the question of jurisdiction over his or its person, and if available, the method of raising it. Counsel for nonresident defendants in particular have been placed in difficult situations because of ambiguities and dicta in some cases interpreting section 1881. They constituted traps for the unwary, and even the diligent. The present case is a good illustration. Able counsel for both sides recognize these ambiguities. For example, an attempt to appear as amicus curiae is to some extent justified. Baird v. Georgia Pacific RR. Co., 12 So. 547, 548 (Miss. 1893); Columbia Star Milling Co. v. Brand, 115 Miss. 625, 76 So. 557 (1917). Exceptions to the erroneously asserted general rule, denying a right to contest in personam jurisdiction, have been recognized: an appearance to remove a case to a federal court, to plead immunity to the service of process, to deny jurisdiction because defendant was brought into court by fraud or trickery, appearance in a trial de novo before the circuit court, after an appeal from a justice of the peace court, appearance of a nonresident in attachment or garnishment cases, and by a foreign corporation to claim it is not doing business within the state. These so-called exceptions to the assumed general rule, analyzed in a note in 19 Mississippi Law Journal 59 (1947), are almost as comprehensive as any rule to the contrary, and render it meaningless and mischievous.

All of these factors require a specific statement of what a nonresident defendant can do in this respect without waiving the issue of want of jurisdiction over his person.

 Aside from the limited purpose of section 1881, and the decisions properly interpreting it, it is not fair or equitable to deny a nonresident defendant the right to contest the jurisdiction of a court of this state over his person. He should have the right to present this issue in the proper way and at the proper time, under clearly defined circumstances. It is not sound judicial administration to require such a nonresident to stay out of court at the risk of waiving the jurisdictional issue, and then to wait until a judgment is obtained and sought to be enforced against him before he attacks it. An orderly and definite procedure to raise an in personam, jurisdictional issue in courts of this state, without waiving it by a special appearance, should be and is available.

So far as we are concerned, York v. Texas is obsolete. Every state in the Union except Mississippi, it has been thought, permits an appearance to contest jurisdiction of the person of the defendant. In 1962 Texas was the forty-ninth state to recognize the right of a nonresident defendant to appear and contest the court's jurisdiction over his or its person. A recent article by E. Wayne Thode comprehensively and ably analyzes the rule of York v. Texas, which he properly calls ''the ultimate in jurisdictional provincialism,'' and the different rule followed elsewhere. Thode, In Personam Jurisdiction, 42 Tex. L. Rev. 279 (1964).

 In summary, we hold as follows: Code section 1881 does not prevent a nonresident defendant from making a special appearance in the courts of this state to raise the issue of want of jurisdiction over his or its person. The statute was intended to apply to defective process or service, not in personam jurisdiction.

This interpretation is consistant with most of the cases in which section 1881 was involved. In particular, *National City Bank of St. Louis* and *Arnett* correctly interpreted and applied the statute, and recognized the right of a nonresident to make a special appearance to contest the in personam jurisdiction of a Mississippi court, without waiving it. This is in accord with the overwhelming weight of authority. See Thode, 42 Tex. L. Rev. at 279, 333; Anno., 62 A.L.R. 2d 937 (1958). Standard Oil Co. of Kentucky v. State and Gridley, Maxon & Co. v. Turner are distinguishable on their facts and issues, but, to the extent that they are not, they are hereby modified and overruled. See also 5 Am. Jur. 2d, Appearance, §§ 3, 4, 35; 6 C.J.S., Appearances, §§ 7, 22.

In the instant case, Kohn made a special appearance by motion to dismiss, for the sole purpose of attacking the jurisdiction of the court over his person. This was before any general appearance. The circuit court correctly sustained that motion, and overruled appellant's subsequent motion for amendment of the declaration on the theory that appellee had entered a general appearance.

 We hold that a defendant, individual or corporate, may appear specially for the sole purpose of objecting to the jurisdiction of the court over his person, on the ground that he is not amenable to process issued by the courts of this state. He may make such special appearance by a motion to dismiss, or any other plea, pleadings or motion specially raising that issue, before any general appearance. Any motion to the jurisdiction should be heard and determined before any other plea or pleading may be filed by the defendant. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction,

when the objecting party is not amenable to process issued by the courts of this state. Since appellee fully complied with these procedures, precedently outlined in *National City Bank of St. Louis* and *Arnett,* the judgments of the circuit court dismissing the three consolidated actions are affirmed.

Affirmed.

All Justices concur.