## IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
## NO. 95-CA-00906 COA

HAZEL RAINS                                                    APPELLANT

v.

GINGER GARDNER AND TINA CLARK                                  APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/95 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WAYNE HYNUM |
| ATTORNEY FOR APPELLEES: | ARLO TEMPLE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | ACTION DISMISSED FOR FAILURE TO SERVE PROCESS WITHIN 120 DAYS |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED IN PART AND REMANDED - 10/7/97 |
| MOTION FOR REHEARING FILED: | 4/28/98 |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | |

### ON MOTION FOR REHEARING

EN BANC.

McMILLIN, P.J., FOR THE COURT:

¶1. This matter is before this Court on Ginger Gardner's motion for rehearing. The motion for rehearing is granted. The original opinion dated October 7, 1997 is withdrawn and this opinion is substituted in its place.

¶2. This case comes before the Court on appeal from an order entered in the Circuit Court of Wayne County dismissing Hazel Rains's complaint filed against Ginger Gardner and Tina Clark. We affirm the decision of the trial court.

¶3. Rains filed a personal injury action against Gardner and Clark, claiming that she fell while on a commercial parking lot owned by the defendants. Rains alleged that she fell because of a defect in the lot. She charged that the defendants were negligent in failing to properly maintain their property. At the time suit was filed -- January 13, 1995 -- Rains's attorney requested that the clerk not issue

process until directed to do so. On June 14, 1995, counsel finally asked that process issue to Gardner and she was served on June 19. There was never a request for process to issue to Clark.

¶4. Gardner appeared through counsel and moved the trial court to dismiss under Mississippi Rule of Civil Procedure 4(h). That rule provides that an action may be dismissed on the court's own initiative or on motion if (a) service is not completed within 120 days after the complaint is filed and (b) the plaintiff "cannot show good cause why such service was not made within that period . . . ." **M.R.C.P. 4(h)**. Gardner also asserted a statute of limitations defense in her motion. The trial court conducted a hearing and concluded that Rains had failed to demonstrate good cause for her failure to have process served on Gardner for a period well in excess of the 120 days set out in the rule. The court, therefore, dismissed the complaint as to Gardner under Rule 4(h).

¶5. During the course of the hearing on Gardner's motion, counsel for Gardner said, "There are some differences in the facts which the Court will hear but we ask the Court to dismiss [the complaint] as to Ms. Clark also under the rule that I read. But it's the Court's duty to do that . . . ." When asked if he represented Clark, counsel replied, "I'm not representing to the Court that I represent anybody but Ms. Gardner but Ms. Clark ought to also be dismissed. It's the Court's duty under this rule to do that." Rains claimed that these statements amounted to a voluntary appearance by Clark, thereby waiving the requirement of service of process on her. The trial court rejected that argument and dismissed the complaint as to Clark on its own motion under Rule 4(h).

¶6. Rains claims on appeal that both of these rulings by the trial court were erroneous. For reasons that we will discuss, we find Rains's argument on both points to be without merit.

## A.

## A Voluntary Appearance by Clark

¶7. We reject Rains's assertion that the statements by Gardner's counsel concerning the propriety of dismissing Clark as a defendant represented a voluntary appearance by Clark in the suit. Certainly, a person may waive process and enter an appearance, and that appearance may be made by an attorney authorized by the party to do so. However, a disputed assertion that such an event has occurred raises an issue of fact. The party claiming such an appearance has the burden of proof on the question. Before Gardner's attorney could have entered an appearance for Clark, it would have been necessary to establish to the satisfaction of the court that the attorney was, in fact, retained by Clark and authorized to make an entry of appearance on her behalf. When the matter was inquired into at the hearing, the attorney unequivocally stated that he did not represent Clark. Rains offered no evidence to the contrary. Even had Gardner's attorney argued Clark's cause at great length, if he did so without Clark's authority, his actions could not constitute a voluntary appearance by Clark. In the absence of even a hint of evidence that this attorney actually represented Clark, we find this argument by Rains to be singularly without merit.

## B.

## A General Appearance by Gardner

¶8. Rains argues that Gardner, by filing a motion seeking dismissal of the complaint, made a general

appearance in the case and thereby waived any defects in the process, including its untimeliness under Rule 4(h). She relies on the case of **Hurst v. Southwest Miss. Legal Services Corp.**, **610 So. 2d 374 (Miss. 1992)**. In that case, process was attempted on an out-of-state defendant, Hilda Burnett, by service on the Mississippi Secretary of State under Mississippi's "long-arm" statute. *Id.* **at 387**. The requisite certified mailing from the Secretary of State to the defendant was returned "unclaimed." The corporate defendant, Burnett's former employer, filed a motion to quash the process on Burnett as inadequate under the statute. That motion made no mention of Rule 4(h). Burnett filed what she intended to be a special appearance for the limited purpose of joining in that motion. *Id.* However, the supreme court, citing only a 1964 pre-rules case and ignoring the effect of the subsequent adoption of Mississippi Rule of Procedure 12, held that Burnett's joinder in the motion constituted a general appearance. *Id.*

¶9. Although it is not clear in the *Hurst* decision, it appears that Burnett later sought to argue an alternate ground for dismissal after she had joined in Southwest's motion. Burnett belatedly asserted that the trial court should have dismissed her as a defendant under Rule 4(h) since service was not attempted on her until over three years after the complaint was filed. *Id.* The supreme court suggested that dismissal under this alternate ground would have been appropriate but for the fact that Burnett's earlier general appearance constituted a waiver of "all objections to improper or insufficient service of process." *Id.*

¶10. Rains argues that Gardner's motion constituted a general appearance under the *Hurst* decision, thereby waiving any defect arising out of the untimeliness of the service of process. The *Hurst* decision does not apply to the facts now before us. In *Hurst*, the party's first appearance in the case, deemed by the supreme court to be a general appearance, was by a pleading that made no mention of a Rule 4(h) dismissal. The result in that case, insofar as Rule 4(h) is concerned, arises out of the fact that Burnett did not assert her right to seek dismissal under that rule at the first opportunity and thereby waived it. We are not concerned with whether Gardner's motion was a general or special appearance because, at the time it was made, there is no doubt that she was already subject to the *in personam* jurisdiction of the court. A Rule 4(h) dismissal due to the plaintiff's unexplained lack of diligence in having process served does not void the process *ab initio*. A Rule 4(h) movant prevails by *defeating* the previously-existing jurisdiction of the court rather than by demonstrating that such jurisdiction never attached.

¶11. Rule 4(h) states on its face that the action may be dismissed as to a defendant "upon the court's own initiative with notice to such party *or upon motion*." **M.R.E. 4(h)** (emphasis supplied). There is no one with standing to seek dismissal under this rule by motion other than the affected party. The interpretation of the rule urged by Rains would require us to read the phrase "or upon motion" entirely out of the rule, and we will not do that.

¶12. As we previously observed, the *Hurst* decision strongly suggests that, had the defendant in that case properly raised her Rule 4(h) issue before joining in the motion attacking the process on other grounds, she would have been entitled to dismissal. Specifically, the court said that "[h]ad Burnett not made a general appearance, Rule 4(h) would have mandated her dismissal because the Hursts have shown no good cause for their failure to serve Burnett within 120 days." *Id.* **at 387.** Rains's reliance on *Hurst* is, thus, misplaced. The case actually lends support to Gardner's position.

¶13. This Court's work is not done, however. We are yet faced with the somewhat different question of whether Gardner waived her right to seek dismissal under Rule 4(h) by simultaneously asserting a defense that more directly touches on the merits of the suit. This question remains unanswered, despite our finding of the inapplicability of *Hurst*, due to the fact that Gardner elected to combine two alternate theories of relief in her initial motion.

¶14. The assertion that Rains's claim was barred by the statute of limitations is an affirmative defense. **M.R.C.P. 8(c)**. It is a defense to the claim itself and necessarily concedes the court's jurisdiction. Had such a defense been asserted in a separate pleading filed *before* a motion to dismiss under Rule 4(h) was filed, the *Hurst* decision would apply and compel a holding that the defendant had waived her rights under Rule 4(h). This accords with the interpretation given to the parallel federal rule. In *Kersh v. Derozier*, the Fifth Circuit held that where a defendant filed an answer to a complaint and subsequently sought to dismiss under Federal Rule of Civil Procedure 4(j) (which is identical to our Rule 4(h)) because service had not been accomplished within 120 days, the prior filing of an answer constituted a waiver of any objection based on the untimeliness of the process. *Kersh v. Derozier,* **851 F. 2d 1509 (5th Cir. 1988).**

¶15. The *Hurst* decision does not address the question of simultaneously seeking Rule 4(h) dismissal and asserting another defense that concedes jurisdiction. Neither does the *Kersh v. Derozier* decision. However, Mississippi Rule of Civil Procedure 12, dealing generally with the procedure for presenting defenses and objections to a claim, states that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." **M.R.C.P. 12.** We, therefore, hold that the joinder of the statute of limitations defense in the motion to dismiss for the untimeliness of the process under Rule 4(h) did not constitute a waiver of Gardner's right to pursue relief under Rule 4(h).

¶16. **THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**


**BRIDGES, C.J., KING, PAYNE, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN, DIAZ AND HERRING, JJ. HINKEBEIN, J., NOT PARTICIPATING.**


THOMAS, P.J., DISSENTING:


¶17. I agree with the majority in affirming the trial court's ruling in dismissing the action as to defendant Tina Clark. However, I am unable to agree with the majority's decision to affirm the trial court in dismissing the action as to defendant Ginger Gardner. Therefore, I respectfully dissent from the majority's opinion finding that Gardner did not make a general appearance making her susceptible to service of process.

¶18. As stated by the majority, Rains argues that the Mississippi Supreme Court case of ***Hurst v. Southwest Miss. Legal Servs. Corp.*, 610 So. 2d 374 (Miss. 1992)**, controls the issue at hand. In *Hurst* the supreme court held that where one party defendant (Hilda Burnett) joined a second party

defendant's (Southwest's) motion to dismiss Burnett as a party for failure to properly serve process, Burnett did not enter a special appearance, but actually entered a general appearance waiving all objections to improper or insufficient service of process. *Hurst*, **610 So. 2d at 387.** Rains argues that when Gardner filed a motion to dismiss attempting to make a special appearance, she actually filed a general appearance waiving her objections to insufficient service of process.

¶19. In the *Hurst* case, the Hursts filed suit against Southwest and attorney Hilda Burnett for legal negligence and tortuous breach of contract on June 5, 1986. *Hurst*, **610 So. 2d at 376.** Process was personally served on Southwest on June 16, 1986. *Id*. **at 377**. No attempt was made to serve Burnett until August 15, 1989. *Id*. **at 387.** Southwest answered the complaint on July 31, 1986. *Id*. **at 377**. On September 18, 1989, Southwest filed a motion to dismiss Burnett as a party defendant on grounds of improper service of process, and Burnett joined this motion on September 20. *Id*. The trial court refused to grant the motion to dismiss. *Id*. The trial court granted a motion for summary judgment favoring Southwest, and the Hursts appealed to the supreme court.

¶20. On appeal, Southwest and Burnett argued that according to the style of Burnett's motion, she entered only a special appearance, and therefore, did not appear for the purpose of submitting herself to the general jurisdiction of the court. *Hurst*, **610 So. 2d at 387.** The supreme court stated "Mississippi does not recognize 'special appearances' except where a party appears solely to object to the court's jurisdiction over his person on grounds that he is not amenable to process." *Id.* (citing *Mladinich v. Kohn*, 250 Miss. 138, 156, 164 So. 2d 785, 791 (1964)). The court found that Burnett's appearance "d[id] not fit that category," and that by appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the circuit court by entering a general appearance and, therefore, she waved all objections to improper or insufficient service of process. *Hurst*, **610 So. 2d at 387.**

¶21. The majority suggests that Burnett filed an earlier general appearance before joining in Southwest's motion. However, there is no evidence in the *Hurst* decision to suggest that this was the case. To the contrary, the supreme court stated that "[b]y appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the Pike County Circuit Court and waived all objections to improper or insufficient service of process." *Id*. September 20, 1989, was the date in which Burnett joined Southwest's motion to dismiss. The supreme court stated that when Burnett joined the motion to dismiss on September 20, 1989, she made a general appearance and subjected herself to the jurisdiction of the circuit court. There exists no other evidence in the *Hurst* decision to suggest differently, contrary to the majority's assertion. As evidence of this, I will quote extensively the relevant portions of the *Hurst* opinion:

> WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS HILDA BURNETT AS A PARTY DEFENDANT?
>
> Burnett no longer lived in Mississippi when plaintiffs filed their suit in June of 1986. For undisclosed reasons, the Hursts did not attempt to serve Burnett until August 15, 1989, at which time they served the Secretary of State. Sometime prior to September 12, 1989, a certified letter from the Secretary of State to Hilda Burnett was returned bearing the postal notation "unclaimed." Southwest filed a motion on September 18, 1989, to dismiss Hilda Burnett as a party defendant for failure of the plaintiffs to properly serve Burnett with process.

The motion also requested the court to quash the Secretary of State's attempted service of process. On September 20, Burnett filed a document styled:

JOINDER BY HILDA BURNETT, SPECIALLY APPEARING AND WITHOUT WAIVING ANY OF HER RIGHTS, IN THE MOTION TO DISMISS HILDA BURNETT AS A PARTY-DEFENDANT FILED BY DEFENDANT SOUTHWEST MISSISSIPPI LEGAL SERVICES [sic]

The trial court entered an order quashing the Hurst's attempted service of process on Burnett but did not grant the defendants' motion to dismiss Burnett as a party defendant. The case proceeded to trial in the October term of court with Burnett still named as a party defendant.

Southwest and Burnett insist that according to the style of Burnett's motion, she entered only a special appearance and did not appear for purposes of submitting herself to the general jurisdiction of the court. However, Mississippi does not recognize "special appearances" except where a party appears solely to object to the court's jurisdiction over his person on grounds that he is not amenable to process. *Mladinich v. Kohn*, 250 Miss. 138, 156, 164 So. 2d 785, 791 (1964). Burnett's appearance does not fit that category. The trial court, therefore, properly deemed her to have appeared generally for all purposes.

Southwest and Burnett argue that the trial court should have dismissed Burnett pursuant to MRCP Rule 4(h) despite any appearance she may have made. Rule 4(h) provides the following:

**Time limits of service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the parties on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Had Burnett not made a general appearance, Rule 4(h) would have mandated her dismissal because the Hursts have shown no good cause for their failure to serve Burnett within 120 days. One waives process and service, however, upon making a general appearance. . . . By appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the Pike County Circuit Court and waived all objections to improper or insufficient service of process.

*Hurst*, **610 So. 2d at 387.**

¶22. The majority suggests that it would be "nonsensical" to suggest that by asserting a right under the rules, the affected party would be penalized by waiving that right. However, I am unable to distinguish the case at bar from the *Hurst* decision, and I assert that we are, accordingly, like it or not, bound by the *Hurst* decision. The *Hurst* court found that a general appearance had been made when one party specially appeared to contest the court's jurisdiction over that party. **Hurst, 610 So. 2d at 387**. Based on the ruling of the *Hurst* court, when Gardner filed her motion to dismiss, she made a general appearance making herself susceptible to the jurisdiction of the Wayne County Circuit Court. The Mississippi Supreme Court has stated that process and service of process are waived upon making a general appearance. **Id.** (citing *Arrow Food Distribs., Inc. v. Love*, 361 So. 2d 324 (Miss. 1978); *Sandifer v. Sandifer*, 237 Miss. 464, 115 So. 2d 46 (1959)). Therefore, I would hold

that the trial court erred by not finding that Gardner made a general appearance when she filed her motion to dismiss, and I would reverse the trial court's ruling and remand for trial.

**COLEMAN, DIAZ, AND HERRING, JJ., JOIN THIS SEPARATE WRITTEN OPINION.**