THOMAS, P.J.,
dissenting.
¶ 17.1 agree with the majority in affirming the trial court’s ruling in dismissing the action as to defendant Tina Clark. However, I am unable to agree with the majority’s decision to affirm the trial court in dismissing the action as to defendant Ginger Gardner. Therefore, I respectfully dissent from the majority’s opinion finding that Gardner did not make a general appearance making her susceptible to service of process.
¶ 18. As stated by the majority, Rains argues that the Mississippi Supreme Court *772 case of Hurst v. Southwest Miss. Legal Servs. Corp., 610 So.2d 374 (Miss.1992), controls the issue at hand. In Hurst the supreme court held that where one party defendant (Hilda Burnett) joined a second party defendant’s (Southwest’s) motion to dismiss Burnett as a party for failure to properly serve process, Burnett did not enter a special appearance, but actually entered a general appearance waiving all objections to improper or insufficient service of process. Hurst, 610 So.2d at 387. Rains argues that when Gardner filed a motion to dismiss attempting to make a special appearance, she actually filed a general appearance waiving her objections to insufficient service of process.
¶ 19. In the Hurst case, the Hursts filed suit against Southwest and attorney Hilda Burnett for legal negligence and tortuous breach of contract on June 5, 1986. Hurst, 610 So.2d at 376. Process was personally served on Southwest on June 16, 1986. Id. at 377. No attempt was made to serve Burnett until August 15, 1989. Id. at 387. Southwest answered the complaint on July 31, 1986. Id. at 377. On September 18, 1989, Southwest filed a motion to dismiss Burnett as a party defendant on grounds of improper service of process, and Burnett joined this motion on September 20. Id. The trial court refused to grant the motion .to dismiss. Id. The trial court granted a motion for summary judgment favoring Southwest, and the Hursts appealed to the .supreme court.
¶20. On appeal, Southwest and Burnett argued that according to the style of Burnett’s motion, she entered only a special appearance, and therefore, did not appear for the purpose of submitting herself to the general jurisdiction of the court. Hurst, 610 So.2d at 387. The supreme court stated “Mississippi does not recognize ‘special appearances’ except where a party appears solely to object to the court’s jurisdiction over his person on grounds that he is not amenable to process.” Id. (citing Mladinich v. Kohn, 250 Miss. 138, 156, 164 So.2d 785, 791 (1964)). The court found that Burnett’s appearance “d[id] not fit that category,” and that by appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the circuit court by entering a general appearance and, therefore, she waved all objections to improper or insufficient service of process. Hurst, 610 So.2d at 387.
¶21. The majority suggests that Burnett filed an earlier general appearance before joining in Southwest’s motion. However, there is no evidence in the Hurst decision to suggest that this was the case. To the contrary, the supreme court stated that “[b]y appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the Pike County Circuit Court and waived all objections to improper or insufficient service of process.” Id. September 20,1989, was the date in which Burnett joined Southwest’s motion to dismiss. The supreme court stated that when Burnett joined the motion to dismiss on September 20, 1989, she made a general appearance and subjected herself to the jurisdiction of the circuit court. There exists no other evidence in the Hurst decision to suggest differently, contrary to the majority’s assertion. As evidence of this, I will quote extensively the relevant portions of the Hurst opinion:
WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS HILDA BURNETT AS A PARTY DEFENDANT?
Burnett no longer lived in Mississippi when plaintiffs filed their suit in June of 1986. For undisclosed reasons, the Hursts did not attempt to serve Burnett until August 15,1989, at which time they served the Secretary of State. Sometime prior to September 12, 1989, a certified letter from the Secretary of State to Hilda Burnett was returned bearing the postal notation “unclaimed.” Southwest filed a motion on September 18, 1989, to dismiss Hilda Burnett as a party defendant for failure of the plaintiffs to properly serve Burnett with process. The motion also requested the court to quash the Secretary of State’s attempted service of process. On September 20, Burnett filed a document styled:
JOINDER BY HILDA BURNETT, SPECIALLY APPEARING AND WITHOUT WAIVING ANY OF HER RIGHTS, IN THE MOTION TO DIS *773 MISS HILDA BURNETT AS A PAR-TYDEFENDANT FILED BY DEFENDANT SOUTHWEST MISSISSIPPI LEGAL SERVICES [sic]
The trial court entered an order quashing the Hurst’s attempted service of process on Burnett but did not grant the defendants’ motion to dismiss Burnett as a party defendant. The case proceeded to trial in the October term of court with Burnett still named as a party defendant.
Southwest and Burnett insist that according to the style of Burnett’s motion, she entered only a special appearance and did not appear for purposes of submitting herself to the general jurisdiction of the court. However, Mississippi does not recognize “special appearances” except where a party appears solely to object to the court’s jurisdiction over his person on grounds that he is not amenable to process. Mladinich v. Kohn, 250 Miss. 138, 156, 164 So.2d 785, 791 (1964). Burnett’s appearance does not fit that category. The trial court, therefore, properly deemed her to have appeared generally for all purposes.
Southwest and Burnett argue that the trial court should have dismissed Burnett pursuant to MRCP Rule 4(h) despite any appearance she may have made. Rule 4(h) provides the following:
Time limits of service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the parties on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Had Burnett not made a general appearance, Rule 4(h) would have mandated her dismissal because the Hursts have shown no good cause for their failure to serve Burnett within 120 days. One waives process and service, however, upon making a general appearance.... By appearing on September 20, 1989, Burnett subjected herself to the jurisdiction of the Pike County Circuit Court and waived all objections to improper or insufficient service of process.
Hurst, 610 So.2d at 387.
¶ 22. The majority suggests that it would be “nonsensical” to suggest that by asserting a right under the rules, the affected party would be penalized by waiving that right. However, I am unable to distinguish the case at bar from the Hurst decision, and I assert that we are, accordingly, like it or not, bound by the Hurst decision. The Hurst court found that a general appearance had been made when one party specially appeared to contest the court’s jurisdiction over that party. Hurst, 610 So.2d at 387. Based on the ruling of the Hurst court, when Gardner filed her motion to dismiss, she made a general appearance making herself susceptible to the jurisdiction of the Wayne County Circuit Court. The Mississippi Supreme Court has stated that process and service of process are waived upon making a general appearance. Id. (citing Arrow Food Distribs., Inc. v. Love, 361 So.2d 324 (Miss.1978); Sandifer v. Sandifer, 237 Miss. 464, 115 So.2d 46 (1959)). Therefore, I would hold that the trial court erred by not finding that Gardner made a general appearance when she filed her motion to dismiss, and I would reverse the trial court’s ruling and remand for trial.
COLEMAN, DIAZ and HERRING, JJ., join this separate written opinion.