SHUPTRINE *et al. v.* NATALBANY LUMBER CO.

(In Banc. October 14, 1940.)

[198 So. 24. No. 34239.]

Jones & Ray, of Jackson, for appellants.

A. J. Street, of McComb, for appellee.

**Griffith, J.,** delivered the opinion of the court.

A. P. Johnson sued appellants in the chancery court for an alleged balance due to the complainant by the appellants on a road contract. Within thirty days after the commencement of the suit, appellee filed therein its so-called petition of intervention, alleging that petitioner was a judgment creditor of the complainant, A. P. Johnson, and praying that if and when the latter recovered anything in his suit, there should be set aside in the decree a sufficient sum to satisfy the petitioner's judgment.

At the term of court next following the proceedings aforesaid, a decree was entered reciting that the parties to the original suit had compromised and settled the issues between them, and, accordingly, the suit was ordered dismissed. Later, but at the same term, the order of final dismissal was vacated, because of the fact that

the petition of intervention had not been acted upon. Subsequently a demurrer was interposed to the intervention petition, which demurrer was overruled.

The lien of an enrolled judgment does not cover the right to receive or recover a debt. Bryan v. Hardware Co., 107 Miss. 255, 265, 65 So. 242. No money had been deposited in court, nor had any agent of the court taken any property in hand for disposition by the court. No property of the intervenor or in which it had any immediate interest was so involved in the suit as to be jeopardized or the title thereto beclouded by any decree which the court might make in the original suit. If such an intervention as here proposed were allowed, then any creditor of any complainant in any suit could intervene, if only he were a judgment creditor, which obviously is far beyond the permissible limitations applicable to petitions of intervention.

Moreover, when the original suit was dismissed, the petition for intervention went out also. Intervention is an interlocutory proceeding, a dependent upon, a subsidiary of, the case between the original parties, and when the decree as between the original parties is simply one of final dismissal, no money being in court or property in the hands of the court for disposal or distribution, and the decree does not in anywise act upon any property or its title or possession, as was the case here, there is nothing left upon which an intervention may stand; and, as already said, it goes out with the original suit.

Reversed, and petition dismissed.