WILLIAMS, STATE INSURANCE COM'R., *v.* GENERAL INSURORS, INC., *et al.*

(In Banc.   May 11, 1942.)

[7 So. (2d) 876.   No. 34888.]

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellant.

**William Harold Cox** and **Watkins & Eager**, all of Jackson, for appellee.

Argued orally by **Geo. H. Ethridge**, for appellant, and by **W. H. Watkins**, for appellee.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

The case is here on the pleadings, and only that which is sufficient to disclose the determinative points will be stated. The Washington Fire and Marine Insurance Company is a foreign insurance corporation not admitted to do business in this state. The General Insurors, Inc., is a nonresident corporation engaged in the business of an insurance agency, and neither of said corporations has any agent in this state upon whom service of process may be had. John Robinson is an insurance agent resident in this state. The Caledonian Insurance Company is a foreign insurance company licensed to do business in this state, and with agents here upon whom process may be served.

During the period between September 1, 1940, and August 15, 1941, the parties aforesaid had engaged in a plan of operation by and under which the agents' commissions and services rendered on insurance written by the Caledonian upon certain property in this state, which commissions amounted to $42,597.06, were to be divided and were in fact divided in a manner which the Insurance Commissioner contended, and now contends, was violative of the provisions of Chapter 194, Laws 1938.

When this contention was placed squarely before the Caledonian Company by the Insurance Commissioner, that company took such steps as resulted in the delivery of the sum of $34,321.23 to Harold Cox, a resident of this state, as escrow agent. This sum represented the $42,-597.06 less 20 percent thereof already theretofore paid to Robinson under the plan of operation which the Insurance Commissioner had challenged. Cox thereupon filed his bill of interpleader making as parties defendant thereto General Insurors, Inc., and John Robinson, and deposited, at the same time, the $34,321.23 in the registry of the court. Robinson appeared and disclaimed any

interest in the fund, averring that under his contract with these parties he was entitled to only 20 percent of the agents' commissions, which 20 percent had already been paid to him, and General Insurors, Inc., appeared setting up its claim to the entire amount of the deposited fund. Thus it appeared that there was no actual controversy between the parties to the original interpleader suit.

In this situation the Insurance Commissioner, by the Attorney General, filed his petition of intervention by which he sought to show that the real controversy was one between the parties and the state; and as to whether the aforementioned arrangements between the parties for a division of the agents' commissions and services were violative of the cited chapter of the laws, the state by its proposed intervention sought to litigate these issues, although the state was not made a party to the original and pending suit. The complainant demurred to the petition of intervention, the demurrer was sustained, and on the appeal from that action, the decree was sustained by this court on the ground that the sole and exclusive remedy by which the Insurance Commissioner could act in the premises would be by a revocation of the license of the agent or company who had violated the statute. See 6 So. (2d) 922.

Upon a further and a prolonged reconsideration of the case upon the suggestion of error, we have concluded that the authority to revoke the license, as mentioned in Section 3 of the cited chapter, is not an exclusive remedy, but is an additional or cumulative power or authority, which in nowise is in derogation of the powers and authority of the Insurance Commissioner or the Attorney General to deal with such a situation which these officers, one or the other, or both, possess or may invoke under the law aside from said Section 3. We do not elaborate upon the reasons and principles which have led us to our present conclusion upon that point, but having announced it, we

withdraw in its entirety the opinion heretofore delivered, and proceed to the question whether under our practice the petition of intervention was entertainable; and this question we answer in the negative, and upon procedural principles now to be stated.

Intervention by which a person not a party to the pending action or suit is permitted to become a party thereto on his own motion, supported by petition, without the invitation or consent of the original parties, is a practice which was unknown to the common-law courts of law and equity, and this was expressly so declared in Hyman v. Cameron, 46 Miss. 725. And this rule prevails to this day in actions at law except as otherwise allowed by statute. City of Biloxi v. Gully, 187 Miss. 664, 672, 193 So. 786.

Under the influence of the general rule in equity that the court will not proceed when it appears that a necessary party has been omitted, courts of chancery in this state, and without statutory aid, later qualified the pronouncement in Hyman v. Cameron and admitted intervention by a third party when such a party by his petition was able to show that he had an immediate legal or equitable interest in the property in suit and that this interest was so involved therein as that the intervenor's title to or right in the property, as property, would be jeopardized or beclouded by the decree which the court might make in the suit between the original parties.

The development and the present attitude of the practice in that regard is set forth in Griffith Miss. Chan. Pr., Secs. 410 and 411; and in addition to the cases therein cited, reference may be had to the latest case on the subject, Shuptrine v. Natalbany Lbr. Co., 189 Miss. 409, 413, 198 So. 24. It will be seen on an examination of the cases that they have gone no further in this state than to meet the situations which have been mentioned in the next foregoing paragraph herein, and that there must be involved in the original suit real or personal property in

or to which the intervenor has some immediate right or title in whole or in part, legal or equitable.

Note 12 on page 425 of the text above cited is as follows: ''The intervention in its nature has reference to a claim or interest in rem, for a stranger can have no interest in a legal sense in a suit in personam, unless the personal decree sought is such as to specifically compel the person with respect to property. In a suit in rem, however, persons not parties may have such a claim or interest in the res as in the very justice of the situation may entitle them to intervene.'' When it is understood that the interest in rem mentioned in that note may include personal as well as real property, and that the specific personal compulsion has reference to property in which the intervenor has an immediate right or title legal or equitable in whole or in part, the note is hereby approved as a concise summation of the rule as it exists in this state; and without the aid of statute, we must decline to extend it further.

The question, then, which lies at the threshold is whether the proposed intervenor has any legal or equitable right or title to the res involved in the suit. The intervenor, petitioning in behalf of the state, alleges that the state has title because the money involved was acquired through violation of the law and that in consequence it has become forfeited to the state, and that the state is entitled to the money rather than the original parties to the suit or either of them. Without entering upon any discussion of the ancient common law by which forfeitures were pronounced for treason and felonies, it is enough to say that for offenses or violations of the law, there is in this state no such thing as a forfeiture of the property to the state in the absence of a statute expressly so providing, 23 Am. Jur., pp. 600, 601, and no statute has been pointed out, and we have found none, which so provides in a case such as here before us. This court has recently said in Citizens' Bank v. Grigsby, 170 Miss. 655,

666, 155 So. 684, 686, that "The law does not favor forfeitures, and before forfeitures will be decreed or adjudged, they must come within the terms of the statute imposing that liability."

It is earnestly argued by the state that inasmuch as one of the parties directly involved is a nonresident of this state, and no service can be had upon that party by an independent suit, the intervention should be allowed so as to bring that party within the reach of the injunction against the parties which is prayed in the petition for intervention. No case has been cited, and we are confident that none such can be found, which, in the absence of statute, allows an intervention on that ground. If this were allowed as to suits where private parties only are concerned, there is readily to be seen the abuses and anomalies which could and would result; and while it might prove salutary in the present case to make an exception in favor of the state, we deem ourselves to be without authority to make any such exception.

It may be that, in view of the fact that the interpleader and the proceedings thereunder by the parties thereto disclosed that no actual controversy existed between the parties and that the real object of the proceeding was to obtain the semblance of judicial sanction to the course of conduct theretofore pursued by them, the chancery court should not have proceeded with the interpleader case but in the meantime should have held the money which it had in its registry until the complainant therein had made the state, through its Insurance Commissioner or Attorney General, or both, a party to the cause, and permitted thereby the assertion of such rights germane to the litigation as the state may have therein; but under the present appeal we are not called upon to intimate or express any opinion whatever on that feature, and we mention it only for the purpose of disclosing that we have not overlooked it.

Inasmuch as the demurrer was properly sustained for the reasons which we have now stated and which would

lead to the affirmance which we ordered on the original submission, it follows that the decree then entered was correct and that the suggestion of error must be overruled, and it is. So ordered.

**Anderson, J.,** delivered a specially concurring opinion on suggestion of error.

Regardless of what state officer has the right to sue it is manifest to me that the only remedy is revocation of license to do business in the state. The statute plainly provides that for a violation of the act that is the remedy. Surely it is unnecessary to cite authorities to sustain the proposition that when there exists a general statute on any subject and later the legislature by another act lifts out of the general statute a particular branch of it and deals with it specifically and differently from the way it is dealt with in the general statute, to that extent the subsequent statute controls over the former. The decisions of the courts of this country so holding are numerous, a citation of them would probably cover several pages.

Under the authorities cited in the controlling opinion there may be intervention where the proposed intervenor "claims" an interest in a fund in the court. The court does not adjudicate in advance whether he has a real interest in the fund. The claim of an interest is all that is necessary. If it develops on the trial of the cause that the intervenor has no interests, of course that would mean that he had no right to intervene. In other words, intervention is not a preliminary question to be decided by the court before the cause is reached on its merits.

I concur in overruling the suggestion of error, but not in all that is said in the controlling opinion.