## DILLON *v.* ALLEN-PARKER COMPANY.

No. 39512          March 7, 1955          78 So. 2d 357

*Breed O. Mounger,* Tylertown, for appellant.

*Clay B. Tucker*, Woodville, for appellee.

McGehee, C. J.

This is a suit for damages in a tort action filed in the Circuit Court of Walthall County, Mississippi. The suit arises out of alleged accusations made against the plaintiff to the effect that he was secreting a Cadillac automobile in Walthall County for the purpose of defrauding the defendant, Allen-Parker Company, of its lien under a conditional sales contract. The declaration further charges that the defendant not only accused the plaintiff of violations of the criminal law, but that he was

abused by the representatives of the defendant and was reported to the military authorities for the purpose of jeopardizing his standing as a member of the United States Army, of which he was then a member and at home on a furlough.

When the case came on to be heard in the Circuit Court of Walthall County, the Mosseler Acceptance Company, a Delaware corporation, having its principal place of business in the City of New Orleans, Louisiana, filed a motion to dismiss the suit for want of territorial jurisdiction thereof. The Mosseler Acceptance Company had not been named as a defendant in the declaration, but it was averred in the motion that the said Mosseler Acceptance Company, the corporation aforesaid, was doing business in Baton Rouge, Louisiana, under the trade name of the defendant Allen-Parker Company; and that neither the Mosseler Acceptance Company nor the Allen-Parker Company was engaged in doing business in the State of Mississippi either prior to, on or after the 27th day of July, 1953, the date on which the suit was filed and the service of a summons had on an alleged agent who was the collection manager of the Allen-Parker Company of Baton Rouge, Louisiana, and which service of summons is shown to have been had on "Allen-Parker Company, a corporation, by personally delivering unto E. J. Herbert, its agent and collection manager, a true copy of the writ."

The process was served on the day of the filing of the suit when the said Herbert, as collection manager of Allen-Parker Company, in company with Joe Bunton Hubbard, its credit manager, appeared at Tylertown, in Walthall County, for the purpose of taking possession of the Cadillac automobile in question, it appearing that the plaintiff had consented that his attorney and his father, at whose home the automobile was being kept, might surrender the same to the defendant, Allen-Parker Company, as the alleged holder of a lien thereon under the conditional sales contract. It is to be as-

sumed that the accusations and threats of prosecution, etc., as complained of in the declaration, are claimed to have been made on a prior occasion to the 27th day of July, 1953, since the declaration was filed on that day, setting forth that such accusations and threats had been made by the defendant, Allen-Parker Company, although it is not charged as to who made the accusations and threats on behalf of the said defendant, that not being essential to the statement of a cause of action.

There are three principal grounds assigned as error by the appellant, Homer Dillon, in seeking a reversal of the action of the trial court in dismissing the suit for want of territorial jurisdiction: (1) That the Mosseler Acceptance Company, not being a party to the proceeding, could not appear specially to question the territorial jurisdiction of the court, and could only enter the case by formal petition for intervention; (2) that the trial court erred in holding that the Allen-Parker Company was not performing acts of carrying on a business of a directly local character so as to subject itself to the jurisdiction of the trial court and to suit in the State of Mississippi; and (3) that the commission of a single tort by the defendant through its authorized agents in the State of Mississippi subjected the defendant, as a corporation, to the territorial jurisdiction of the trial court from which this appeal is taken.

It is true that a third party cannot intervene in a case as a litigant without first filing a petition in that behalf and being allowed by order of the trial court to do so, but the contention of the Mosseler Acceptance Company is that it is the real party in interest, using the trade name of Allen-Parker Company in the conduct of its business at Baton Rouge, Louisiana, where the Allen-Parker Company maintained its office under that name as the trade name of the movant, Mosseler Acceptance Company, the nonresident corporation.

The record before us fails to disclose any formal objection at the hearing of the motion to the right of the

movant to be heard thereon. Moreover, the movant, Mosseler Acceptance Company, introduced **Joe Bunton** Hubbard, the credit manager of the named defendant, Allen-Parker Company, as a witness in support of the motion to dismiss the case for want of territorial jurisdiction on the part of the trial court. The said Hubbard was the only witness at the hearing on the motion. His testimony in support of the motion was not objected to, and he was fully cross-examined by the plaintiff as to the relationship between the movant, Mosseler Acceptance Company, and the named defendant, Allen-Parker Company, which he testified was merely the trade name under which the movant was doing business at Baton Rouge, Louisiana.

The uncontradicted testimony of this witness disclosed that the Allen-Parker Company had purchased the conditional sales contract from the Capitol Motor Sales Company, at the office of the former at Baton Rouge, Louisiana; that either H. B. (Buddy) Van or Joseph McCormick, acting for and on behalf of the Capitol Motor Sales Company, had negotiated the sale of the conditional sales contract on the Cadillac automobile to the said Allen-Parker Company at its Baton Rouge, Louisiana office; that the Allen-Parker Company was neither a corporation nor a partnership composed of Allen and Parker, but was merely a trade name under which the movant, Mosseler Acceptance Company, was doing business at Baton Rouge, Louisiana, as aforesaid; that neither the Mosseler Acceptance Company nor Allen-Parker Company had any office, agents or employees doing **business for either** of them in the State of Mississippi in the solicitation or negotiation of the purchases of conditional sales contracts, or otherwise; that Joseph McCormick, as agent of the Capitol Motor Sales Company, which was doing business at Baton Rouge, Louisiana, had undertaken to negotiate the sale of, or to assign, **the** conditional sales contract to the said Allen-Parker Company, and that the witness, Joe Bunton Hubbard,

credit manager of Allen-Parker Company, had witnessed the signature of McCormick in his attempt to negotiate or transfer the conditional sales contract to the Allen-Parker Company; that according to the testimony of Hubbard, the only witness who testified on the motion of the Mosseler Acceptance Company as aforesaid, he intended to witness only the signature of the said Joseph McCormick, who was acting for and on behalf of the Capitol Motor Sales Company although he appears to have signed as a witness to the signature of the plaintiff, Homer Dillon, whom he admits that he did not see execute the conditional sales contract, which was in fact executed in Walthall County, Mississippi, and which appears to have been executed in favor of the Commercial Securities Company on one of its forms supplied to Dillon by the said H. B. (Buddy) Van, when the said Van sold the Cadillac automobile for the Capitol Motor Sales Company to the plaintiff Dillon in Walthall County in exchange for the said plaintiff's Pontiac automobile, both of which automobiles were delivered in that county — the Cadillac to Dillon, and the Pontiac to Van; and that the form of the conditional sales contract used had been supplied to the Capitol Motor Sales Company by the Commercial Securities Company, and that the Allen-Parker Company, by oversight, purchased this contract in favor of the Commercial Securities Company without having the same negotiated or assigned by it. But since this is not a suit by Allen-Parker Company on the contract, and is a suit for damages for an alleged tort, the question of whether or not the Allen-Parker Company acquired a good and valid lien is immaterial, the Cadillac automobile having been delivered to it and carried to Louisiana with the consent of the plaintiff.

The testimony of the witness, Hubbard, on the motion to dismiss the suit for want of territorial jurisdiction further discloses, without dispute, that the Allen-Parker Company in receiving any business from the State of Mississippi gets about ninety percent thereof through the

mail and the other ten percent from customers who come directly to the office of the said company in Baton Rouge, Louisiana; that neither the movant nor the said Allen-Parker Company solicits any business whatever in the State of Mississippi as aforesaid, but merely purchases conditional sales contracts which are executed in favor of sellers of automobiles, and that they do so as a nonresident finance company for automobiles sold in Mississippi by others, so far as its business from Mississippi is concerned.

It is contended by the appellant, Homer Dillon, that the Allen-Parker Company caused to be recorded in Walthall County, Mississippi a conditional sales contract, dated December 22, 1952, on this Cadillac automobile for a larger amount of indebtedness than that called for in the contract actually executed by Dillon and delivered on Sunday, December 21, 1952, to the said H. B. (Buddy) Van, who is alleged to have made the claim to Dillon in Walthall County that he was representing the Allen-Parker Company in taking the application of Dillon and the conditional sales contract signed by him. But this would only go to the merits on the trial of this tort action on the issue as to whether or not Dillon was justified in withholding the automobile pending the negotiations for an adjustment as to the correct amount due and owing at the time the accusations and threats of prosecution are alleged to have been made by the defendant, Allen-Parker Company.

■■■ We have carefully considered the cases cited by the appellant on the question of whether or not the Mosseler Acceptance Company or the Allen-Parker Company under which the former had been doing business at least since 1938 as a trade name, was doing business in this state within the meaning of Section 5345, Code of 1942, and we have concluded that under those decisions cited by appellant of Browning v. City of Waycross, 58 L. Ed. 828, 233 U. S. 16, 34 S. Ct. 578, International Shoe Co. v. State of Washington, 90 L. Ed.

95, 326 U. S. 310, 66 S. Ct. 154, 161 A. L. R. 1057, Smyth v. Twin State Improvement Corp., 80 A. 2d 664, 116 Vt. 569, 25 2d A. L. R. 1193, Miller v. Lynch, 38 Miss. 344, Kountz v. Price et al., 40 Miss. 341, Peterman Construction & Supply Co. v. Blumenfeld, 156 Miss. 55, 125 So. 548, City of Biloxi v. Gully, 187 Miss. 664, 193 So. 786, Case v. Mills Novelty Co., 187 Miss. 673, 193 So. 625, Shoemake v. Federal Credit Co., Inc., 188 Miss. 683, 192 So. 561, Shuptrine v. Natalbany Lumber Co., 189 Miss. 409, 198 So. 24, Williams, State Ins. Commissioner v. General Insurors, Inc., et al., 193 Miss. 276, 7 So. 2d 876, Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So. 2d 351, neither the movant nor the Allen-Parker Company was doing business in this state at the time of the filing of this suit so as to subject either of them to the territorial jurisdiction of the Circuit Court of Walthall County, when considered in connection with the numerous authorities on that issue cited and quoted in the brief on behalf of the appellee; ▆▆ ▆ and that although we may be inclined to the view that a citizen of this state should be permitted to sue a nonresident corporation in the county where the tort against him is alleged to have been committed by its agent in this state, we are of the opinion that it would be necessary to overrule numerous decisions of this Court in order to reverse the action of the trial judge who sustained the motion of the Mosseler Acceptance Company to dismiss the suit for want of territorial jurisdiction in Walthall County, Mississippi. ▆▆ ▆ And as to whether or not the question of the right of Mosseler Acceptance Corporation to file the said motion and introduce the evidence heard in support thereof, which was not objected to in the trial court, can be raised here for the first time, see the cases of Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 494, 121 So. 114; Robertshaw Trustees et al. v. Columbus & G. Ry. Co., 185 Miss. 717, 188 So. 308; Christopher v. Brown, 211 Miss. 322, 51 So. 2d 579; and Sansing v. Thomas, 211 Miss. 727, 52 So. 2d 478.

Moreover, we think that under all the other cases cited both by the appellant and the appellee, including the statutes relied on, the decision of the trial court was correct, and that the judgment appealed from must therefore be affirmed.

Affirmed.

*Hall, Lee, Kyle,* and *Holmes, JJ.,* concur.