Mrs. **Rupert L. SMITH**, Plaintiff,

v.

Ralph **BARKER** and Portable Elevator Manufacturing Company, Defendants.

No. EC 682–K.

United States District Court
N. D. Mississippi, E. D.
Sept. 19, 1968.

**1174**

William Sharp, Corinth, Miss., for plaintiff.

James E. Price, Corinth, Miss., for defendants.

## MEMORANDUM OPINION ON MOTION TO DISMISS

KEADY, Chief Judge.

Plaintiff filed this action in the Circuit Court of Alcorn County, Mississippi, seeking recovery for damages allegedly resulting from an injury sustained by her on August 27, 1965, when a portable grain elevator collapsed on her farm, striking her. Defendant Portable Elevator Manufacturing Company, an Illinois corporation having its principal place of business in Bloomington, Illinois, is the manufacturer of the allegedly defective elevator, and defendant Robert Barker, an adult resident of Savannah, Tennessee, was the vendor thereof. Neither of the defendants, at the time when the alleged cause of action arose, was qualified to do business in the State of Mississippi. Process was served on both defendants under Mississippi Code Annotated § 1437 (a) (1942 Recomp.) which provides as follows:

"Any nonresident person * * * who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi * * * to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident * * *."

Invoking diversity jurisdiction, both defendants have removed this cause to this court, and we are now presented with their motions to dismiss this cause of action on the common ground that

they were not amenable to service of process in the State of Mississippi. We hold that the motion of Portable Elevator should be sustained, but that the motion of Barker should be overruled.

## I

We first consider the motion of the corporate defendant Portable Elevator. The question of the sufficiency of service of process on a foreign corporation under the laws of a state in which a federal tribunal sits is, according to the case of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), wholly a matter of state law. Walker v. Savell, 335 F.2d 536 (5 Cir. 1964). Thus this court is not empowered to assert jurisdiction over a foreign corporation in a diversity case unless this would be done pursuant to valid legislation as construed by the courts of the forum state. Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2 Cir. 1963).

Section 1437 of the Mississippi Code—the "Long-arm Statute" under which plaintiff asserts jurisdiction—has been interpreted on numerous occasions by the Mississippi Supreme Court as not to permit in personam jurisdiction over nonresident corporations whose activities within the state were more extensive than those conducted by Portable Elevator in the case at bar. See, e. g., Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428 (1943); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964). If jurisdiction is to be entertained, the Mississippi Court, in *Mladinich,* summarized three "basic factors" which must coincide, as follows:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

"(2) The cause of action must arise from, or be connected with, such act or transaction; and

"(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

Although the Court, in declaring these jurisdictional requirements, referred to the purposeful doing of "some act" or the consummation of "some transaction", the actual holding of that and numerous other cases of the Mississippi Supreme Court is that, in order that a nonresident be subject to the jurisdiction of the Mississippi Courts, his conduct within its borders must consist of activity which is systematic and continuous, as opposed to isolated or sporadic. In fact, that Court has specifically ruled that the commission of a single tort within the State by a defendant is insufficient to give the Mississippi Courts jurisdiction. Dillon v. Allen-Parker Co., 223 Miss. 359, 78 So.2d 357 (1955).

Notwithstanding that in 1964, an amendment was added to § 1437 which, applied literally, would appear to have broadened its scope,[1] the Mississippi Court has continued to interpret the Long-arm Statute restrictively. See Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965). In the *Breckenridge* case, which involved a suit against Time, Inc., for libel allegedly arising out of the publication of Life Magazine, the Mississippi Court held that the nonresident defendant did not

---

1. § 1437, prior to the 1964 amendment, was couched in terms of "doing business", thus suggesting that acts of a substantial and sustained nature were required. The amended statute, which purported to subject to the jurisdiction of the state courts any nonresident "who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State" would seem to include conduct more isolated than that required under previous standards.

have the requisite "minimal contacts" within the state, although it solicited advertising, circulated magazines, and allegedly committed a tort within the state.

▬ Thus, although the Supreme Court of the United States has ruled in recent years that the states may constitutionally extend their jurisdiction over nonresidents to an extent greater than that permitted by the State Supreme Court, [McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 223 (1957)], we are bound by the construction placed upon § 1437 by the state's highest tribunal, and we determine that the Mississippi Court would, if confronted with the facts presented here, hold jurisdiction lacking as to Portable Elevator. It markets its products through various distributors in the United States, but has never had any dealers or salesmen residing in Mississippi, has never solicited through salesmen any orders within the state, and has never had a warehouse or inventory of any kind located within the state. Neither has Portable Elevator ever maintained an office, telephone listing, bank account, or agent for the service of process in Mississippi. Defendant has made no sales to its customers directly in the State of Mississippi, has made no shipments into the state, except an inconsequential amount of truck hoists and parts, and, even in this latter case, the items delivered were sold through manufacturers' representatives, none of whom resided in the state, and were transported into the state by common carrier and not by its own trucks.

With respect to the elevator which is the subject of this action, no contacts with the State of Mississippi are attributable to Portable Elevator. Ralph Barker placed the order for the elevator through Portable Elevator's distributor, Southeastern Supply Company of Chattanooga, Tennessee, picked it up in Bloomington, Illinois, and transported it to his place of business in Tennessee. Portable Elevator Company merely manufactured the elevator to be sold through one of its various distributors. It had no knowledge of, or for that matter, any reason to be concerned with, any sale of the elevator except the one to Barker by its Chattanooga, Tennessee distributor. From that point on, Barker was acting solely for himself and not as an agent of Portable Elevator, and his actions in making and completing the sale to a Mississippi resident can in no way be imputed to it.

We hold that under these uncontroverted facts, weighed in the light of the Mississippi Court's interpretation, the activities of Portable Elevator fall short of the continuous and systematic activity required in order that § 1437(a) may have operative effect.

## II

▬ We now examine the status of the individual defendant, Ralph Barker. Although it was widely conceived for a time that the requirement for acquiring jurisdiction over nonresident individuals was different from that obtaining in the case of foreign corporations, it is now settled that there is little reason to distinguish between the two for jurisdictional purposes. See Daniel and Sams, Jurisdiction and Venue, Mississippi Circuit Court Practice (Twenty-first Annual Mississippi Law Institute) pp. 9–10. Mississippi recognizes no such distinction. See, e. g., Condon v. Snipes, 205 Miss. 306, 38 So.2d 752 (1949); Mladinich v. Kohn, supra. Our examination of the record herein, including affidavits submitted by both Barker and the plaintiff, leads us to the conclusion that Barker had significant "minimum contacts" within the State of Mississippi such as would render him subject to service of process under § 1437, as interpreted in Mississippi.

Although there is conflict between the affidavits filed in this cause as to whether, as plaintiff contends, the purchase price of the elevator was paid in Mississippi, there is more than a sufficient quantum of uncontroverted evidence of defendant's activity within the state to overrule his motion to dismiss. Barker

admittedly sold a "Little Giant" portable elevator to the plaintiff's husband and, through his agents and in his own truck, delivered it to the Smith farm in Alcorn County, Mississippi, in August, 1965. Prior to sale, Barker had assembled the elevator at his premises at Savannah, Tennessee. Despite his assertion that this is the only contact he had with the state in connection with the subject transaction, this is not determinative of the issue, since Barker has regularly engaged in much more than isolated acts within the state. Over the past ten or fifteen years about 15% of his total gross sales have been to residents of Mississippi. In connection with these sales, it is common practice for Barker, or one of his employees, to go to the customer's home within the state to appraise property offered as trade-in on new equipment, and when a sale is completed, to delivered the merchandise into Mississippi. Thus, his agents, trucks, and other property were brought into the state in the ordinary course of his business, and the court so finds.[2] Barker's contacts within this state were activities which were purposeful, continuous and systematic, and gave rise to the liability sued upon within the meaning of the standards set by *Mladinich*. Although he maintained no telephone listing, bank account, office, warehouse or storage facility within the borders of this state, Barker's activities, viewed in the light of their quality and nature, render him subject to the jurisdiction of its courts. Century Brick Corporation of America v. Carroll, 247 Miss. 514, 153 So.2d 683 (1963); Jarrard Motors, Inc. v. Jackson Auto & Supply Co., 237 Miss. 660, 115 So.2d 309 (1959). We think that certainly the maintenance of this suit as to him does not offend "traditional notions of fair play and substantial justice" under the controlling standards of the Supreme Court of Mississippi.

2. Since Barker not infrequently traveled the highways of Mississippi in connection with his sales to its residents, we deem it appropriate to note that, had the basis of this action been an automobile ac-

cident, a single venture over the public roads of Mississippi would have been by statute (Miss.Code Ann. § 9352–61) sufficient to subject defendant to the jurisdiction of its courts.