**390**

Mrs. Cloie NEAL, Plaintiff,

v.

TRIM–MASTER CORPORATION and
Cutter-Exchange, Incorporated,
Defendants.

No. EC 692–K.

United States District Court
N. D. Mississippi, E. D.

April 9, 1969.

See also D.C., 48 F.R.D. 392.

Michael D. Jonas, Aberdeen, Miss., for plaintiff.

W. F. Goodman, Jr., Jackson, Miss., for defendant Trim-Master Corp.

T. Kenneth Watts, Meridian, Miss., for defendant Cutter-Exchange, Inc.

## MEMORANDUM OPINION ON MOTION TO DISMISS

KEADY, Chief Judge.

The sole issue presented here is whether the Mississippi "Long-arm Statute", Miss.Code Ann. § 1437(a) (1942 Recomp.), subjects to in personam jurisdiction of local courts a nonresident corporation whose only contact with the forum state is the presence within its territorial boundaries of a product manufactured elsewhere by it which has allegedly caused injury in Mississippi to a resident of that state.

The essential facts relating to this question are as follows: On December 6, 1968, Mrs. Cloie Neal, a resident of Monroe County, Mississippi, filed suit in the Circuit Court of Monroe County against Trim-Master Corporation and Cutter-Exchange, Incorporated, with home offices in Reading, Pennsylvania and Nashville, Tennessee, respectively, as well as an unnamed party which allegedly acted as the agent of either or both of them.[1] Neither of the named defendant corporations was qualified to do business in Mississippi. The complaint charged, in sum, that in 1952 the plaintiff's employer, Seminole Manufacturing Company of Aberdeen, Mississippi, purchased an "Individual Trouser Trim-Master" from Cutter-Exchange for use by its employees in trimming threads from fabric

---

1. On March 31, 1969, this court permitted plaintiff to join as an additional party defendant Ginsberg Machine Company, Inc., a New York corporation, of which Trim-Master Corporation was allegedly a wholly owned subsidiary at the time the cause of action arose.

in the manufacture of clothing; that an unknown agent of either or both of them installed the said device; that while plaintiff was operating the machine, her hair became tangled in an exposed, unguarded shaft, causing her permanent physical injuries, pain and suffering, medical expenses and loss of wages in the amount of $100,000; that the exposed shaft constituted a defect in design or manufacture resulting from the negligence of either Trim-Master, the designer and manufacturer of the product, or Cutter-Exchange, the vendor thereof, or both of them.

Process was served on both nonresident corporations pursuant to Miss.Code Ann. § 1437(a) (1942 Recomp.) which provides, in pertinent part, as follows:

"Any nonresident person * * * who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi * * * to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or ac-

cruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident * * *."

Invoking diversity jurisdiction, the defendant, Trim-Master, removed the cause to this court, and we are now presented with its motion to dismiss this action on the ground that it was not amenable to service in the State of Mississippi. We hold that the motion should be sustained.

■ The question of sufficiency of service of process on a foreign corporation under the laws of a state in which a federal tribunal sits is, according to Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), wholly a matter of state law. Walker v. Savell, 335 F.2d 536 (5 Cir. 1964). See also Smith v. Barker, 306 F. Supp. 1173, (N.D.Miss.E.D., September 19, 1968).[2] Thus, we are not to be concerned with the extent to which the State of Mississippi might, consistently with the due process clause, subject nonresident defendants to the jurisdiction of its courts; rather, our limited duty is to determine whether such jurisdiction may be effected pursuant to valid legislation as construed by the courts of the forum state.

The Mississippi "Long-arm Statute" has been determined on numerous occasions by the state's highest court, both prior to and subsequent to its amendment in 1964,[3] as not to permit in per-

2. Plaintiff cites as contrary authority the case of Jaftex Corporation v. Randolph Mills, Inc., 282 F.2d 508 (2 Cir. 1960). However, the position of the Court of Appeals for the Fifth Circuit, as enunciated in *Walker*, is unequivocal, and it is that Court's decision to which we owe allegiance. The position of the Fifth Circuit is also held by the First and Seventh Circuits. See concurring opinion of Circuit Judge Friendly in *Jaftex* at 516.

3. § 1437, prior to the 1964 amendment, was couched in terms of "doing business", thus suggesting that acts of a substantial

and sustained nature were required. The amended version, purporting to subject to state court jurisdiction any nonresident "who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State", would apparently authorize jurisdiction over nonresidents conducting more sporadic, and even isolated, activity with the state. However, in Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965), a post-amendment case arising out of an allegedly li-

sonam jurisdiction over nonresident corporations whose activities within the state were more extensive than those conducted by Trim-Master in the case sub judice, as we recognized in Smith v. Barker, supra, another products liability case. See, e. g., Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So.2d 531, 152 A.L.R. 1428 (1943); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964); Breckenridge v. Time, Inc., Fn. 3 supra.

■ Thus, as the Mississippi Court has interpreted the amended statute as requiring more than a sporadic or isolated activity unaccompanied by continuing action of the corporation within the state, we are constrained to hold, as a matter of state law, that personal jurisdiction over the defendant Trim-Master may not be maintained. Although it markets its products throughout the United States, it is not shown to have any property, office, bank account, warehouse, inventory, telephone listing, or agent of any kind in Mississippi. Plaintiff maintains only that defendant manufactured a defective product in another state which ultimately caused an injury in Mississippi, and this clearly is insufficient under the Mississippi requirement that "the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state." Mladinich v. Kohn, supra.

Since the Mississippi interpretation of the state's "Long-arm Statute" is clearly dispositive of the instant case, it becomes unnecessary to consider, as was done in Phillips v. Anchor Hocking Glass Corporation, 100 Ariz. 251, 413 P.2d 732, 19 A.L.R.3d 1 (1966), what might be the full scope, without doing violence to the Fourteenth Amendment of the United States Constitution, of statutory interpretation of a state's "Long-arm

Statute". Mississippi has not yet seen fit to align itself with the liberal view of some states whose decisions are cited by plaintiff.

Accordingly, an order will be entered sustaining the motion of the defendant Trim-Master Corporation to dismiss for lack of jurisdiction.